IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 12, 2016

STATE OF TENNESSEE v. MARKHAYLE JACKSON

Appeal from the Criminal Court for Shelby County
No. 1101634   Lee V. Coffee, Judge

No. W2015-02068-CCA-R3-CD  -  Filed May 31, 2016

The Defendant, Markhayle Jackson, entered a guilty plea in 2011 to first degree premeditated murder and was sentenced to life without the possibility of parole pursuant to a negotiated plea agreement.  In 2015, the Defendant filed a motion pursuant to Tennessee Criminal Procedure Rule 36.1 requesting the correction of an illegal sentence.  The trial court summarily dismissed the motion for failure to state a colorable claim.  On appeal, the Defendant contends that the trial court erred by dismissing the motion. We affirm the judgment of the trial court.

Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and ALAN E. GLENN, J., joined.

Markhayle Jackson, Whiteville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; M. Todd Ridley, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Alanda Dwyer, Assistant District Attorney General, for the appellee, State of Tennessee.

OPINION

The Defendant entered a guilty plea to first degree premeditated murder and was sentenced to life without the possibility to parole.  *See Markhayle Jackson v. State*, No. W2013-02027-CCA-R3-PC, 2015 WL 799448, at *1 (Tenn. Crim. App. Jan. 30, 2015), *perm. app. denied* (Tenn. June 15, 2015).

The Defendant unsuccessfully sought post-conviction relief, alleging that (1) his plea was not knowingly, voluntarily, and intelligently entered, (2) trial counsel provided ineffective assistance by failing to inform the Defendant of his right against self-incrimination, by pressuring him to plead guilty, and by telling him he could file an appeal after entering his guilty plea, and (3) the trial court failed to advise the Defendant of his right against self-incrimination before accepting the plea in violation of Tennessee Rule of Criminal Procedure 11. *See id. at* *12-13. This court affirmed the denial of post-conviction relief.

On September 9, 2015, the Defendant filed a motion to vacate, set aside, or correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. The Defendant argued that (1) trial counsel failed to advise him of his right against self-incrimination, (2) the Defendant was not aware of his right against self-incrimination and had he been aware of it, he would not have pleaded guilty, (3) the trial court violated Tennessee Rule of Criminal Procedure 11 during the plea hearing, (4) the State failed to abide by the plea agreement because the court questioned the Defendant regarding his guilt, and (5) the plea was involuntary.

The trial court entered an order summarily dismissing the motion on the grounds that the motion raised issues previously adjudicated and that the Defendant failed to state a colorable claim for which relief could be granted. This appeal followed.

The Defendant contends that the trial court erred by summarily dismissing his motion for a corrected sentence. He argues that the court only considered the voluntariness of his plea and that his remaining contentions were not previously determined. The State responds that the trial court properly dismissed the motion.

Tennessee Criminal Procedure Rule 36.1 states, in relevant part, that

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

Tenn. R. Crim. P. 36.1(a). A defendant is entitled to a hearing and the appointment of counsel if the motion states a colorable claim for relief. *Id.* at 36.1(b). Further, the trial court is required to file an order denying the motion if it determines that the sentence is not illegal. *Id.* at 36.1(c)(1).

Whether a defendant states a colorable claim is a question of law and is reviewed de novo. *State v. Wooden*, 478 S.W.3d 585, 588 (Tenn. 2015). A colorable claim is defined as

"a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Id*. at 593. A motion filed pursuant to Rule 36.1 "must state with particularity the factual allegations on which the claim for relief from an illegal sentence is based." *Id*. at 594. A trial court "may consult the record of the proceeding from which the allegedly illegal sentence emanated" when determining whether a motion states a colorable claim for relief. *Id*.

Only fatal errors result in an illegal sentence and "are so profound as to render the sentence illegal and void." *Id*. at 595; *see State v. Cantrell*, 346 S.W.2d 445, 452 (Tenn. 2011). Fatal errors include sentences imposed pursuant to an inapplicable statutory scheme, sentences that designate release eligibility dates when early release is prohibited, sentences that are ordered to be served concurrently when consecutive service is required, and sentences that are not authorized by statute. *Wooden*, 478 S.W.3d at 595. Errors which are merely appealable, however, do not render a sentence illegal and include "those errors for which the Sentencing Act specially provides a right of direct appeal." *Id*.; *see Cantrell*, 346 S.W.2d at 449. Appealable errors are "claims akin to . . . challenge[s] to the sufficiency of the evidence supporting a conviction" and "involve attacks on the correctness of the methodology by which a trial court imposed sentence." *Wooden*, 478 S.W.3d at 595; *see Cantrell*, 346 S.W.2d at 450-52.

The record reflects that the trial court properly denied the motion for a corrected sentence. Even if the Defendant's contentions were true, he would not be entitled to relief pursuant to Rule 36.1. Relative to the Defendant's arguments regarding whether counsel provided ineffective assistance, whether the Defendant's plea was knowingly and voluntarily entered, and whether the trial court violated Tennessee Rule of Criminal Procedure 11 during the plea hearing, the Defendant raises appealable errors that would not render his sentence void or illegal. Therefore, the Defendant failed to state a colorable claim for relief.

Relative to the trial court's questioning the Defendant about his guilt during the plea hearing, the claim is not cognizable pursuant to Rule 36.1. We note that the Defendant argues the plea agreement is void, not that his sentence is illegal. As a result, the Defendant failed to state a colorable claim for relief, and the Defendant is not entitled to relief on this basis.

Based upon the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE