IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 29, 2016

**STATE OF TENNESSEE v. MARCUS T. JOHNSON**

**Appeal from the Criminal Court for Knox County**
**No. 94097   Steven W. Sword, Judge**

**No. E2016-00004-CCA-R3-CD-FILED-JULY 13, 2016**

The Defendant, Marcus T. Johnson, entered a guilty plea in 2011 to the sale of cocaine and received a ten-year sentence. In 2015, the Defendant filed a motion pursuant to Tennessee Criminal Procedure Rule 36.1 requesting the correction of an illegal sentence. The trial court summarily denied relief. On appeal, the Defendant contends that the trial court erred by dismissing the motion. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and ROBERT L. HOLLOWAY, JR., JJ., joined.

Marcus T. Johnson, Pikeville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Nicholas W. Spangler, Assistant Attorney General; and Charme P. Allen, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On March 16, 2010, the grand jury returned a presentment charging the Defendant with the sale and delivery of 0.5 gram or more of cocaine. On April 7, 2011, the Petitioner pleaded guilty to selling 0.5 gram or more of cocaine and received a ten-year sentence. According to the documents attached to the Defendant's motion, the Defendant was charged in Anderson County case number 10-OR-1943 with escape on July 4, 2010. According to the affidavit of complaint, an Oak Ridge Police Officer arrested the Defendant for driving with a suspended license. The affidavit stated that the Defendant had an outstanding arrest warrant for the sale of cocaine in Knox County at the time of his Anderson County arrest and

that while the officer was placing the Defendant in the police cruiser, the Defendant "fled on foot approximately 500 yards" before being apprehended. On July 13, 2010, the Defendant pleaded guilty in Anderson County to the reduced charge of evading arrest and received a sentence of eleven months, twenty-nine days to be served on probation.

On September 14, 2015, the Defendant filed a motion to correct an illegal sentence pursuant to Tennessee Criminal Procedure Rule 36.1. The Defendant argued that concurrent service of his ten-year sentence for the drug-related conviction and his misdemeanor sentence for the "escape charge" was illegal because Tennessee Criminal Procedure Rule 32(b)(3)(B) required consecutive service. The Defendant alleged that concurrent service was a material component of the plea agreement and that he would not have entered his guilty plea had he known concurrent service was prohibited by law. He requested permission to withdraw his guilty plea and for the trial court to reinstate the original charges.

On September 24, 2015, the trial court entered an order denying relief for failure to state a colorable claim. The court found that although the Defendant believed the agreement for his ten-year sentence to be served concurrently with his Anderson County sentence was illegal, the judgment did not reflect the ten-year sentence was to be served concurrently with any additional sentence. The court determined the Defendant's sentence was not illegal. This appeal followed.

The Defendant contends that the trial court erred by summarily denying relief on his motion for a corrected sentence. Tennessee Criminal Procedure Rule 36.1 states, in relevant part, that

> (a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

A defendant is entitled to a hearing and the appointment of counsel if the motion states a colorable claim for relief. Tenn. R. Crim. P. 36.1(b). Further, the trial court is required to file an order denying the motion if it determines that the sentence is not illegal. *Id*. at 36.1(c)(1).

Whether a defendant states a colorable claim is a question of law and is reviewed de novo. *State v. Wooden*, 478 S.W.3d 585, 588 (Tenn. 2015). A colorable claim is defined as "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Id*. at 593. A motion filed pursuant to Rule 36.1 "must state with particularity the factual allegations on which the claim for relief from an illegal sentence is based." *Id*. at 594. A trial court "may consult the record of the

-2-

proceeding from which the allegedly illegal sentence emanated" when determining whether a motion states a colorable claim for relief. *Id.*

Only fatal errors result in an illegal sentence and "are so profound as to render the sentence illegal and void." *Id.* at 595; *see State v. Cantrell*, 346 S.W.2d 445, 452 (Tenn. 2011). Fatal errors include sentences imposed pursuant to an inapplicable statutory scheme, sentences that designate release eligibility dates when early release is prohibited, sentences that are ordered to be served concurrently when consecutive service is required, and sentences that are not authorized by statute. *Wooden*, 478 S.W.3d at 595. Errors which are merely appealable, however, do not render a sentence illegal and include "those errors for which the Sentencing Act specially provides a right of direct appeal." *Id.*; *see Cantrell*, 346 S.W.2d at 449. Appealable errors are "claims akin to . . . challenge[s] to the sufficiency of the evidence supporting a conviction" and "involve attacks on the correctness of the methodology by which a trial court imposed sentence." *Wooden*, 478 S.W.3d at 595; *see Cantrell*, 346 S.W.2d at 450-52.

In his brief, the Defendant cites to Tennessee Criminal Procedure Rule 32(C)(3)(B) to support his argument that consecutive sentences were required. Rule 32(C)(3)(B) states,

> When a defendant is convicted of multiple offenses from one trial or when the defendant had additional sentences not yet fully served as the result of convictions in the same or other courts and the law requires consecutive sentences, the sentence shall be consecutive whether the judgment explicitly so orders or not. This rule shall apply . . . to a sentence for escape or for a felony committed while on escape.

The record reflects, though, that the Defendant was neither convicted of and sentenced for escape nor convicted of a felony committed while on escape. As a result, Rule 32(C)(3)(B) is inapplicable to the Defendant's case. Although the Defendant was charged with escape in Anderson County, he pleaded guilty to misdemeanor evading arrest. Likewise, the date of offense for the drug-related conviction was 2009, which occurred before the escape charge leading to the misdemeanor evading arrest conviction. We note that the judgment for the drug-related offense does not reference any additional cases. We also note that the plea agreement form attached to the Defendant's motion does not mention the Anderson County charge. As a result, the trial court properly denied relief.

Based upon the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE