FILED

03/22/2017

Clerk of the
Appellate Courts



IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 18, 2017 at Knoxville

**STATE OF TENNESSEE v. EARL VANTREASE**

**Appeal from the Criminal Court for Putnam County**
**No. 02-0666     Gary S. McKenzie, Judge**

_____

**No. M2016-01200-CCA-R3-CD**

_____

The Defendant, Earl Vantrease, was convicted by a Putnam County jury of aggravated robbery in 2003 and received a sixteen-year sentence as a Range II offender. Thirteen years later, the Defendant filed a motion pursuant to Tennessee Criminal Procedure Rule 36.1 requesting that the trial court correct an illegal sentence. The trial court summarily dismissed the motion. On appeal, the Defendant contends that the trial court erred in dismissing his motion. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Earl Vantrease, Whiteville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Robert W. Wilson, Assistant Attorney General; and Bryant C. Dunaway, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In 2003, the Defendant was convicted of aggravated robbery and received a sixteen-year sentence. Although he did not appeal his conviction or sentence, the Defendant unsuccessfully sought habeas corpus relief. *See Earl Vantrease, Jr. v. State*, No. M2012-02023-CCA-R3-HC, 2013 WL 1896929 (Tenn. Crim. App. May 6, 2013), *perm. app. denied* (Tenn. Nov. 13, 2013); *see also Earl Vantrease, Jr. v. Wayne Brandon, Warden*, No. M2006-02414-CCA-R3-HC, 2007 WL 2917783 (Tenn. Crim. App. Oct. 9, 2007).

On May 11, 2016, the Defendant filed a motion to correct an illegal and void sentence pursuant to Tennessee Criminal Procedure Rule 36.1. In the motion, the Defendant alleged

that the trial court enhanced his sentence using an improper enhancement factor, that his sentence was improperly enhanced based upon a previous arrest in violation of *Apprendi v. New Jersey*, 530 U.S. (2000), that his sentence was improperly enhanced "based solely on [the] prosecutor's request," rather than upon statutory provisions, and that he was denied his statutory right to allocution at the sentencing hearing. On May 12, 2016, the trial court summarily dismissed the motion for the failure to state a colorable claim. The court interpreted that the Defendant's motion was to obtain pretrial jail credits and concluded that the determination of pretrial jail credits must be addressed pursuant to the Administrative Procedures Act. This appeal followed.

The Defendant contends that the trial court erred by dismissing his motion for the correction of an illegal sentence because he did not allege he was denied pretrial jail credits. He raises on appeal the same allegations stated in his written motion and requests that this court review his sentence for plain error. The State responds that although the trial court erroneously determined that the basis for the Defendant's motion was related to pretrial jail credits, the Defendant nonetheless failed to state a colorable for relief. We agree with the State.

Tennessee Criminal Procedure Rule 36.1 states, in relevant part, that

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

Tenn. R. Crim. P. 36.1(a). A defendant is entitled to a hearing and the appointment of counsel if the motion states a colorable claim for relief. *Id*. at 36.1(b).

Whether a defendant states a colorable claim is a question of law and is reviewed de novo. *State v. Wooden*, 478 S.W.3d 585, 588 (Tenn. 2015). A colorable claim is defined as "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Id*. at 593. A motion filed pursuant to Rule 36.1 "must state with particularity the factual allegations on which the claim for relief from an illegal sentence is based." *Id*. at 594. A trial court "may consult the record of the proceeding from which the allegedly illegal sentence emanated" when determining whether a motion states a colorable claim for relief. *Id*.

Only fatal errors result in an illegal sentence and "are so profound as to render the sentence illegal and void." *Id*. at 595; *see State v. Cantrell*, 346 S.W.2d 445, 452 (Tenn. 2011). Fatal errors include sentences imposed pursuant to an inapplicable statutory scheme,

sentences that designate release eligibility dates when early release is prohibited, sentences that are ordered to be served concurrently when consecutive service is required, and sentences that are not authorized by statute. *Wooden*, 478 S.W.3d at 595. Errors which are merely appealable, however, do not render a sentence illegal and include "those errors for which the Sentencing Act specially provides a right of direct appeal." *Id*.; *see Cantrell*, 346 S.W.2d at 449. Appealable errors are "claims akin to . . . challenge[s] to the sufficiency of the evidence supporting a conviction" and "involve attacks on the correctness of the methodology by which a trial court imposed sentence." *Wooden*, 478 S.W.3d at 595; *see Cantrell*, 346 S.W.2d at 450-52.

As a preliminary matter, we agree with the parties that the trial court inexplicably determined that the Defendant argued his sentence was illegal because he was denied pretrial jail credits. In any event, we conclude that the Defendant failed to state a colorable claim for relief pursuant to Rule 36.1.

The Defendant was convicted of aggravated robbery, a Class B felony. *See* T.C.A. § 39-13-402(b) (2010). He was sentenced as a Range II offender to serve sixteen years' confinement at 35% service. The punishment as a Range II offender for a Class B felony "is not less than twelve (12) nor more than twenty (20) years." *Id*. §40-35-112(b)(2) (2014). Therefore, the trial court had the statutory authority to sentence the Defendant to sixteen years' confinement for aggravated robbery.

Relative to the Defendant's allegations that the trial court improperly enhanced his sentence, the Defendant alleges appealable errors, not fatal errors, involving the methodology by which the court imposed the sixteen-year sentence. The Defendant's sentence was statutorily available, and therefore, any error in enhancing his sentence does not render it illegal pursuant to Rule 36.1. *See Wooden*, 478 S.W.3d at 595-96.

Relative to the Defendant's allegation that he was denied his right to allocution at the sentencing hearing, this court has previously concluded that the "[f]ailure to allow a defendant to speak on his own behalf at sentencing is an issue that should be raised on direct appeal and would not create a sentence that is not authorized by the applicable statutes or that directly contravenes an applicable statute." *Jeffery Yates v. State*, No. W2014-00325-CCA-R3-CO, 2015 WL 128097, at *4 (Tenn. Crim. App. Dec. 2, 2014), *perm. app. denied* (Tenn. May 15, 2015). Therefore, even if the Defendant's allegation were true, it would not present a colorable claim for relief.

As a result, we conclude that the Defendant's sentence is not illegal and that the trial court did not err by summarily dismissing the motion. The Defendant is not entitled to relief.

-3-

Based on the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
ROBERT H. MONTGOMERY, JR., JUDGE