IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

**STATE OF TENNESSEE v. WILLIAM D. LENNOX, JR.**

**Appeal from the Circuit Court for Sevier County**
**Nos. 14709, 14776   Walter C. Kurtz, Judge**

_____

**No. E2017-00564-CCA-R3-CD**

_____

The Defendant, William D. Lennox, Jr., appeals from the Sevier County Circuit Court's order denying his motion to correct illegal sentences. *See* Tenn. R. Crim. P. 36.1. The Defendant's counsel has filed a motion to withdraw pursuant to Rule 22 of the Rules of the Tennessee Court of Criminal Appeals. We conclude that counsel's motion is well-taken and, in accordance with Rule 22(F), affirm the trial court's judgments pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and D. KELLY THOMAS, JR., JJ., joined.

Jessica S. Sisk, Newport, Tennessee, for the appellant, William D. Lennox, Jr.

Herbert H. Slatery III, Attorney General and Reporter; Nicholas White Spangler, Assistant Attorney General; James B. Dunn, District Attorney General; and Tim Norris, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On June 20, 2012, the Defendant pleaded guilty, in eleven separate indictments, to three counts of evading arrest, one count of disorderly conduct, nine counts of passing a worthless check valued at $500 or less, two counts of theft of property valued at $500 or less, two counts of theft of property valued at $1,000 or more, one count of sale of less than .5 gram of cocaine, and one count of aggravated burglary. In exchange for the guilty pleas, the trial court sentenced the Defendant to a total effective sentence of thirteen years' incarceration.

Sometime prior to June 2016, the Defendant filed a pro se motion to amend the judgments in case numbers 14709 and 14776.[1]  On June 13, 2016, the trial court appointed counsel to assist the Defendant.  On February 17, 2017, the Defendant, through counsel, withdrew the motion to amend judgments and filed a motion to correct illegal sentences pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure.  The motion alleged that the Defendant's sentences were illegal for failure of the trial court to award pretrial jail credits as contemplated by the Defendant's plea agreement.  Following a hearing, the trial court denied the Defendant's motion, ruling that the failure to award pretrial jail credits was not a cognizable claim for 36.1 relief.  The Defendant, through counsel, filed a timely notice of appeal.

Tennessee Criminal Procedure Rule 36.1 states, in relevant part, that

(a) (1) Either the defendant or the state may seek to correct an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. . . . .

(2) For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

Tenn. R. Crim. P. 36.1(a)(1) and (2).  A defendant is entitled to a hearing and the appointment of counsel if the motion states a colorable claim for relief.  *Id*. at 36.1(b).  Further, the trial court is required to file an order denying the motion if it determines that the sentence is not illegal.  *Id*. at 36.1(c)(1).

Whether a defendant states a colorable claim is a question of law and is reviewed de novo.  *State v. Wooden*, 478 S.W.3d 585, 588 (Tenn. 2015).  A colorable claim is defined as "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1."  *Id*. at 593.  A motion filed pursuant to Rule 36.1 "must state with particularity the factual allegations on which the claim for relief from an illegal sentence is based."  *Id*. at 594.  A trial court "may consult the record of the proceeding from which the allegedly illegal sentence emanated" when determining whether a motion states a colorable claim for relief.  *Id*.

Only fatal errors result in an illegal sentence and "are so profound as to render the sentence illegal and void."  *Id*. at 595; *see State v. Cantrell*, 346 S.W.2d 445, 452 (Tenn. 2011).  Fatal errors include sentences imposed pursuant to an inapplicable statutory scheme, sentences that designate release eligibility dates when early release is prohibited,

---

[1] The pro se pleading is not contained in the record on appeal.

sentences that are ordered to be served concurrently when consecutive service is required, and sentences that are not authorized by statute. *Wooden*, 478 S.W.3d at 595. Errors which are merely appealable, however, do not render a sentence illegal and include "those errors for which the Sentencing Act specially provides a right of direct appeal." *Id.*; *see Cantrell*, 346 S.W.2d at 449. Appealable errors are "claims akin to ... challenge[s] to the sufficiency of the evidence supporting a conviction" and "involve attacks on the correctness of the methodology by which a trial court imposed sentence." *Wooden*, 478 S.W.3d at 595; *see Cantrell*, 346 S.W.2d at 450-52.

The Defendant alleged that his sentences were illegal for the trial court's failure to award pretrial jail credits. The supreme court has held that a trial court's failure to award pretrial jail credits does not render a sentence illegal and, therefore, an allegation of sentence illegality for failure to award pretrial jail credits is insufficient to warrant Rule 36.1 relief. *State v. Brown*, 479 S.W.3d 200, 212-13 (Tenn. 2015).

Upon a full examination of the record, we conclude that the trial court did not err by denying the Defendant's Rule 36.1 motion to correct illegal sentences. We affirm the judgment of the trial court pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals. The appellant shall have sixty days from the date of entry of this opinion within which to file a pro se application for permission to appeal to the Tennessee Supreme Court. Tenn. Ct. Crim. App. R. 22(F). By separate order accompanying this opinion, counsel's motion to withdraw is granted.

_____
ROBERT H. MONTGOMERY, JR., JUDGE