# C. D. HOUSE et ux. v. DRUSY CLOSE et al.—346 S. W. (2d) 445.

Middle Section. March 3, 1961.

Certiorari Denied by Supreme Court May 26, 1961.

342

McAllen Foutch, Smithville, for plaintiff.

Solon Fitzpatrick, Carthage, for defendants.

HUMPHREYS, J. This is an appeal by defendants Drusy Close, Robert A. McDonald and his wife, Mildred

McDonald, from a decree of the Chancery Court of De-Kalb County, sustaining the original bill of complainants, D. C. House and wife, Lillian House, whereby they sought to have established an easement by prescription over a right of way which runs across lands belonging to defendants.

Complainants filed their bill alleging that they owned two tracts of land which were served by an easement by prescription, over a right of way across defendants' land, which lies between their land and the public road. The factual allegation being, that for more than fifty years, the 65 acre tract of land, which they acquired from W. J. Oakley and his wife in 1925 has been served by a prescriptive easement over this right of way and that since 1904, and even before that, their other tract of land of 106 acres, which lies behind the 65 acre tract, has been served by a prescriptive easement over this same right of way. That all of this time this right of way has been used by complainants and their predecessors in title openly, notoriously and adversely to the claims of other persons so as to ripen in them an easement by prescription. Defendants acknowledge the existence of the right of way and the fact that complainants have been using it but contend that it is a private right of way which complainants have been using with their permission. The case was heard by the Chancellor on oral proof after which he entered a decree in favor of complainants sustaining their contention and defendants have appealed and assigned errors. The first three of these errors challenge the decree of the Chancellor in holding that complainants acquired an easement over the right of way across their lands by prescription. The fourth and fifth assignments challenge the action of the court in excluding certain tes-

timony offered, while the sixth, seventh, and eighth assignments challenge the allegations in the bill as to the location and description of the road and the proof with respect to the description of the road, and contend that no decree could be entered because of the insufficiency of the description and proof with respect to this.

Assignment of error No. 1 is, in substance, that complainants failed to show adverse use and possession of the road for the prescriptive period and that to the contrary the record establishes that they used the road with the permission and consent of defendants; and that complainants' use was not exclusive so as to ripen their easement by prescription. In Nashville Trust Company v. Evans, 30 Tenn. App. 415, 206 S. W. (2d) 911, we said that the use and enjoyment which will give title by prescription to an easement or other incorporeal right must be adverse, under claim of right, continuous, uninterrupted, open, visible, exclusive, and with knowledge and acquiescence of the owner of the servient tenement, and must continue for the full prescriptive period and while the owner of the servient tenement is under no legal disability to assert his right or to make a grant.

We think the facts of this case bring it clearly within the requirements of this rule. As found by the Chancellor and as borne out by the record, the right of way in question has served both the 65 acre tract and the 106 acre tract for more than fifty years. Complainants and their privies were using this right of way at the time defendants acquired the property over which it runs. When the defendants took possession of their property in 1923, the complainants were using this right of way going to and from their 106 acre tract. When in 1925,

complainants acquired the 65 acre tract immediately in front of their 106 acre tract, they continued to use the right of way. This use was continuous, uninterrupted, open, visible, and in spite of the fact that others may have used it on occasion and in spite of the fact that it was also used by defendants, we hold that it was exclusively used in the sense required by the rule. There is no evidence that, when defendants took possession of their land which was servient to the right of way easement then being enjoyed and exercised by complainants, anything occurred which would indicate complainants' use of the right of way was permissive or that defendants so considered it. To the contrary, it does appear from the record, more by inference than otherwise since the direct proof with regard thereto was excluded by the Chancellor, (and we think correctly as will hereinafter be dealt with) that defendants actually objected to an established right of way across their property but in spite of this they took no steps to assert that the right of the complainants to use the right of way was based upon permission rather than upon right. In Martin v. Hoskins, 1 Tenn. App. 44, we said that the use and enjoyment which will give title by prescription to an easement or other incorporeal right is substantially the same in quality and characteristics as the adverse possession which will give title to real estate. Certainly, the use and enjoyment of the right of way by complainants and their privies meets this requirement. There is direct proof that the character of use and enjoyment was open and notorious; that it was with the knowledge and acquiescence of defendants; that it has been continuous and uninterrupted; and we hold there is likewise proof that the use was adverse. In 28 C. J. S. Easements sec. 14, in discussing the use that

is adverse, it is stated that to be adverse, the use must be under a claim of right inconsistent with or contrary to the interest of the owner and of such a character that it is difficult or impossible to account for it except on the presumption of a grant; or use under a claim of right known to the owner of a servient tenement; or use whenever desired without license, or permission asked, or objection made such as the owner of an easement would make of it, disregarding entirely the claims of the owner of the land. The character and nature of adverse use required by the foregoing is fully met by the proof in this case.

■ Defendants' contention the easement by prescription fails because others used the right of way and thus their use was not exclusive is not good. It is true as a general rule, and we have so stated, that the user must be exclusive in order to result in a prescriptive easement. However, as pointed out in 28 C. J. S. Easements sec. 15, the term "exclusive" does not mean that the easement must be used by one person only, but simply that the right shall not depend for its enjoyment on a similar right in others. That is, it must be exclusive as against the community or the public at large. The use may be exclusive in the required sense even though it is participated in by the owner of the servient tenement or by owners of adjoining land. And, it cannot be contended that a right of way easement is not exclusive because on occasion the right of way is put to some public use, all of which is in relation to those individuals who have or claim the right to use the right of way.

■■ The second assignment of error is that the Chancellor erred in holding complainants had a prescriptive

right over the right of way with respect to the 65 acre tract and that since they did not have a prescriptive right over the right of way with respect to the 65 acre tract they would have no right to maintain this suit even though they did have a prescriptive right over defendants' land from the 106 acre tract; this contention being based on the idea that this would add a burden to defendants' land not already acquired. The basis of this contention is Adams v. Winnett, 25 Tenn. App. 276, 156 S. W. (2d) 353, which holds in effect, that an easement for the benefit of one piece of land cannot be enlarged and extended to other adjoining lands to which no right is attached. The rule announced in that case is good law but is inapplicable here. Here the record shows that complainants and their predecessors in title had acquired an easement from their 106 acre tract across the 65 acre tract they later bought and across defendants' tract so that there was no additional burden on the 65 acre tract or defendants' tract. That the right of way from the 106 acre tract was in existence at the time the 65 acre tract resulted from defendants' grantor conveying their 75 acre tract to them, leaving the 65 acre tract which he later conveyed to complainants, so no additional burden resulted from what was done.

■ The third assignment asserts that there was unity of title in complainants and defendants' predecessor in title, W. J. Oakley, in that Oakley owned the land later divided, both the 65 acre tract and defendants 75 acre tract, from 1902 until 1923, and that this merger of title eliminated the easement over the 65 acre tract. This contention must be denied because at the time W. J. Oakley owned the tract of land later divided, complainants and their predecessors in title were exercising prescriptive

use of the right of way across it in going to and from the 106 acre tract which lies behind, which, itself, was in the nature of an intermediate interest in land in favor of a third party, unaffected by the doctrine of merger. Browning v. Browning, 23 Tenn. App. 338, 132 S. W. (2d) 359; 31 C. J. S. Estates sec. 123.

Moreover, as held by the Chancellor, from and after 1923, and up to the present time, the initial use both as to the 65 acre tract and the 106 acre tract continued as theretofore, so that since that date, 1923, complainants have acquired an easement by prescription over the right of way in question, without regard to whether prescriptive rights over the 65 acre tract could be treated as eliminated by the merger of title in Oakley during the time he owned the 65 acre tract and the 75 acre tract. This statement applies also as a basis for overruling assignment of error No. 2, above.

Assignments of error 4 and 5 complain of the Chancellor's action in excluding testimony offered by Drusy Close that when her husband, E. S. Close, purchased their tract of land from W. J. Oakley in 1923, Oakley wished to reserve a right of way through the 75 acre tract he was selling but Close did not want this and it was agreed that Oakley would make an unencumbered deed, which he did. It is insisted that this evidence was competent as part of the res gestae of possession and is explanatory of the possession, and that the statements made at that time would operate as estoppel against W. J. Oakley as to the land which he was selling to E. S. Close. That this estoppel would operate against complainants because they purchased the 65 acre portion of the tract of land owned by Oakley and that this placed them in privity

with Oakley so that his statements to Close operated as an estoppel against them.

With respect to this contention the Chancellor held, with which we agree, that the evidence offered could not operate as an estoppel against complainants because even if this conversation did occur in 1923, the complainants have used the right of way openly, notoriously, and adversely, for more than twenty years since that date, and since 1925 when they acquired the 65 acre tract of Oakley, so that their easement by prescription over the right of way can and should be sustained on this account. The Chancellor likewise held, and we agree, that under the proof the 106 acre tract owned by complainants, behind the 65 and 75 acre tracts had been served by the right of way in question at least since 1904 so that nothing that was said by Oakley could cut off their rights. Moreover, as pointed out by appellee's brief, any statement made by W. J. Oakley was in connection with his deed of the 75 acre tract of land to the defendants, and complainants were strangers to this deed. They were neither successors in title nor predecessors in title to the 75 acre tract of land and could not be estopped with respect to their 65 acre tract of land by conversations between Oakley and defendants about the 75 acre tract of land about which they knew nothing when they bought their tract of land. Since the evidence was offered in support of the plea of estoppel and since there could be no estoppel, the evidence was properly excluded by the Chancellor.

We think the 6th, 7th, and 8th assignments of error which complain of the sufficiency of the proof with respect to the location of the right of way and the sufficiency of the allegations in the original bill with respect thereto,

must be overruled. As pointed out in appellees' reply brief discussing these assignments, the original bill alleges the location of all of the land over which the right of way runs and describes in general the course that it runs. Defendants answered the bill and admitted the allegations with respect to the location of the road and defended simply upon the ground that it was their own private road used by complainants with their permission, not upon the inadequacy of the allegations with respect thereto. There was never any question about the location of the road under the pleadings.

 As to the proof with respect to the location of the road, we find that it is adequate to support a decree establishing complainants' rights in the right of way. The uncontroverted truth about the matter is, there is a well-defined, long-established, rock gravelled road running from the Temperance Hall-Hickman Road, across the defendants' 75 acre tract of land, back to complainants' land. And, while it must be conceded that the allegations of the original bill and the proof with respect to the exact location are meager, since the defendants elected not to challenge the sufficiency of the bill with respect to this matter by demurrer or motion to dismiss or otherwise, but answered the bill as though it were adequate, and since the defendants did not raise this objection with respect to the sufficiency of the proof before the Chancellor but treated both the allegations of the bill and the proof with respect thereto as adequate, we do not think the Chancellor's decree should be overturned. If we were to sustain these objections we could but remand the case to the Chancery Court with instructions to allow the pleadings to be amended and the proof to be supplemented with added inconvenience, expense and court

costs. We do not think this is necessary, and overrule all of these assignments of error.

In this case, as in most cases, there is a side which is sustained by fairness and right and equitable considerations which are in turn sustained by the law. We think it is plain and clear that this is the side of the complainants. When C. D. House moved to the 106 acre tract of land in 1904, when he was four years old, the right of way in question was in existence and was being used by those owning and living on the 106 acre tract. This use has been continuous and open and notorious and adverse since that time, and should be and is sustained by this Court. The decree of the Chancellor is affirmed.

Hickerson and Shriver, JJ., concur.