IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 1, 2016

**STATE OF TENNESSEE v. SAMMIE LEE TAYLOR**

**Appeal from the Criminal Court for Shelby County**
**No. P-19190  James Lammey, Judge**

**No. W2015-01831-CCA-R3-CD  -  Filed June 6, 2016**

The Defendant, Sammie Lee Taylor, was convicted in 1994 of first degree felony murder, especially aggravated kidnapping, especially aggravated robbery, and aggravated sexual battery and received an effective sentence of life imprisonment without the possibility of parole plus sixty-two years.  In 2015, the Defendant filed a motion pursuant to Tennessee Criminal Procedure Rule 36.1 requesting the correction of the judgment.  The trial court summarily dismissed the motion for failure to state a colorable claim.  On appeal, the Defendant contends that the trial court erred by dismissing the motion. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and ROBERT L. HOLLOWAY, JR., J., joined.

Sammie Lee Taylor, Clifton, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Lacy Wilber, Senior Counsel; and Amy P. Weirich, District Attorney General; and Glenn Baity, Assistant District Attorney Genera, for the appellee, State of Tennessee.

**OPINION**

On February 17, 1994, the Defendant, a juvenile at the time of the offenses, was indicted for three counts of first degree felony murder, two counts of especially aggravated kidnapping, two counts of aggravated rape, and especially aggravated robbery.  The Defendant's case originated in the juvenile court but was transferred to criminal court. Following the jury's finding the Defendant guilty of first degree felony murder, especially

aggravated kidnapping, especially aggravated robbery, and aggravated sexual battery, the jury imposed a sentence of life imprisonment without the possibility of parole for the felony murder conviction. The trial court imposed an effective sixty-two-year sentence for the remaining convictions and ordered consecutive service with the life sentence. *See State v. Sammie Lee Taylor*, No. 02C01-9501-CR-00029, 1996 WL 580997, at *1 (Tenn. Crim. App. Oct. 10, 1996), *perm. app. denied* (Tenn. Mar. 3, 1997). The Defendant unsuccessfully sought post-conviction relief, alleging ineffective assistance of counsel. *See Sammie Lee Taylor v. State*, No. W1999-00977-CCA-R3-CD, 2000 WL 714387 (Tenn. Crim. App. May 26, 2000), *perm. app. denied* (Tenn. Dec. 4, 2000). The Defendant also sought habeas corpus relief relative to his especially aggravated robbery conviction. The Defendant attacked only the validity of the sentence but was still serving his life sentence at the time he filed his petition, rendering any attack on the especially aggravated robbery conviction premature. *See Sammie L. Taylor v. State*, No. M2003-02954-CCA-R3-HC, 2004 WL 2636716, at *1-2 (Tenn. Crim. App. Nov. 15, 2004), *perm. app. denied* (Tenn. Mar. 28, 2005).

On June 10, 2015, the Defendant filed a motion to vacate, set aside, or correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. The Defendant's primary focus was his life without the possibility of parole sentence and argued his sentence was illegal on multiple grounds. He argued his life sentence was illegal because (1) he was denied a fair juvenile court transfer hearing in that the juvenile court abused its discretion by improperly relying upon a single psychologist's opinion of the Defendant's competency and by not permitting another psychologist to perform an evaluation, (2) his juvenile court counsel provided ineffective assistance, (3) his statements to the police were obtained without counsel, without being advised of his *Miranda* rights, and in violation of his privilege against self-incrimination, (4) his life sentence offends *Miller v. Alabama*, --- U.S. ---, 132 S.Ct. 2455 (2016), because life without parole and life are equivalent to life without parole and because life without parole was imposed without consideration for his age, characteristics, and circumstances, (5) trial counsel provided the ineffective assistance by failing to present evidence of his mens rea for first degree felony murder and by failing to present a mental health expert to rebut the State's expert witness, (6) he was diagnosed as "borderline intellectually disabled," (7) his life sentence offends principles of double jeopardy, (8) the jury was provided vague and confusing instructions as it relates to release from confinement when sentenced to life imprisonment, (9) the jury and trial court failed consider mitigating factors during sentencing, (10) the trial court improperly refused to instruct the jury on facilitation of felony murder, (11) Tennessee Code Annotated sections 39-13-204(e)(2) and 39-13-208(b) are unconstitutional, (12) principles of due process were violated by the juvenile court's transferring his case without sufficient information, by this

-2-

court's failure to review the appropriateness of his life sentence, and by trial counsel's failure to request a jury instruction regarding "borderline mental retardation" at the sentencing phase, and (13) his life sentence is the result of prosecutorial punishment and selective prosecution in response to exercising his right to a jury trial. The Defendant also argued that (14) consecutive service violates principles of due process and equal protection and (15) he was improperly sentenced for aggravated sexual battery because the proof showed his conduct was not sexual battery.

The trial court entered an order summarily dismissing the motion on the grounds that the motion raised issues previously adjudicated and that the Defendant failed to state any colorable claim for which relief could be granted. This appeal followed.

The Defendant contends that the trial court erred by summarily dismissing his motion for a corrected sentence, arguing that (1) the Defendant's sentence to life without the possibility of parole was rendered illegal by *Miller v. Alabama*, CITE, (2) due to the jury's lack of discretion in sentencing the Defendant to life without the possibility of parole, the trial court lacked personal or subject matter jurisdiction, (3) his allegations of ineffective assistance were not previously determined, (4) the juvenile court transfer hearing violated the Defendant's due process rights because the juvenile referee did not have sufficient information to justify the transfer, (5) he was denied a fair and impartial jury verdict resulting in an illegal sentence, (6) that the evidence was insufficient to support his first degree murder and aggravated sexual battery convictions, (7) Code section 39-13-202 was not effective at the time he was charged with the offenses and was inapplicable to juveniles, (8) he was denied a fair and impartial jury verdict, (9) his confession was illegally obtained, (10) the court retaliated against him for exercising his right to a jury trial by sentencing him more harshly than the other codefendants, (11) consecutive sentencing was not justified, (12) prosecutorial misconduct occurred during closing arguments, (13) the trial court violated double jeopardy by instructing the jury relative to an aggravating factor that was an element of felony murder, (14) Code section 39-13-204 violates the single-subject and caption rules of the Tennessee Consitution, (15) Code section 39-13-204 is unconstitutionally vague, and (16) the jury should have been instructed on lesser included offenses of felony murder. The State responds that the trial court properly dismissed the motion.

Tennessee Criminal Procedure Rule 36.1 states, in relevant part, that

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this

rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

Tenn. R. Crim. P. 36.1(a). A defendant is entitled to a hearing and the appointment of counsel if the motion states a colorable claim for relief. *Id*. at 36.1(b). Further, the trial court is required to file an order denying the motion if it determines that the sentence is not illegal. *Id*. at 36.1(c)(1).

Whether a defendant states a colorable claim is a question of law and is reviewed de novo. *State v. Wooden*, 478 S.W.3d 585, 588 (Tenn. 2015). A colorable claim is defined as "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Id*. at 593. A motion filed pursuant to Rule 36.1 "must state with particularity the factual allegations on which the claim for relief from an illegal sentence is based." *Id*. at 594. A trial court "may consult the record of the proceeding from which the allegedly illegal sentence emanated" when determining whether a motion states a colorable claim for relief. *Id*.

Only fatal errors result in an illegal sentence and "are 'so profound as to render the sentence illegal and void.'" *Id*. at 595 (quoting *Cantrell*, 346 S.W.2d 445, 452 (Tenn. 2011)). Fatal errors include sentences imposed pursuant to an inapplicable statutory scheme, sentences that designate release eligibility dates when early release is prohibited, sentences that are ordered to be served concurrently when consecutive service is required, and sentences that not authorized by statute. *Id*. at 595. Appealable errors, however, do not render a sentence illegal and include "'those errors for which the Sentencing Act specially provides a right of direct appeal.'" *Id*. at 595 (quoting *Cantrell*, 346 S.W.2d 445, 449 (Tenn. 2011)). Appealable errors are "claims 'akin to . . . challenge[s] to the sufficiency of the evidence supporting a conviction' and "involve attacks on the correctness of the methodology by which a trial court imposed sentence." *Id*. at 595 (quoting *Cantrell*, 346 S.W.2d at 450-52.

The record reflects that the trial court properly denied the motion for a corrected sentence. Relative to the Defendant's issues regarding whether counsel provided ineffective

assistance, whether he received a fair and impartial jury verdict, whether he lacked the mens rea to commit first degree murder, whether he was properly sentenced as a adult, and whether his pretrial statements to the police were lawfully obtained, the record reflects that these issues have been previously determined. *See Sammie Lee Taylor*, No. W1999-00977-CCA-R3-CD, 2000 WL 714387, *2-5; *see also Sammie Lee Taylor*, 1996 WL 580997, at *7-9, 11-15. We note, too, that these issues, even if true would not entitle the Defendant to relief because they are not fatal errors rendering a sentence illegal and void *See State*, 478 S.W.3d at 595.

Relative to the issues regarding whether the juvenile court transfer hearing was a farce and a mockery rendering his sentence unlawful pursuant to Miller, whether Code section 39-13-202 was effective at the time the Defendant was charged, and whether the juvenile court acknowledged the Defendant received ineffective assistance are not colorable claims pursuant to Rule 36.1. These allegations, taken as true, would not result in an illegal sentnct

In the appeal of the Defendant's conviction, this court reviewed the sufficiency of the evidence, the aggravating factors found by the jury and the basis for the life without the possibility of parole sentence and whether the Defendant's pretrial statements to the police was obtained lawfully.

Relative to

Relative to the Defendant's allegations regarding the juvenile court transfer hearing, the ineffectiveness of juvenile court counsel,

Relative to the Defendant's pretrial statement, this court previously determined in the appeal of the Defendant's conviction that the statement provided by the Defendant was made after being advised of his Miranda rights and in the presence of his twenty-year-old sister, who was the Defendant's temporary guardian while their mother was out of town. Likewise, the Defendant and his sister read, signed and initialed the Defendant's written statement and the advice of rights form. The Defendant's second statement was provided after being

advised of his Miranda rights but in the absence of his sister. This court concluded that the statements and the subsequent search of his home conducted pursuant to consent were lawful. *Sammie Lee Taylor*, 1996 WL 580997, at *12-13

Based upon the record before this court, it is unclear what transpired in the trial court. This court is concerned that the trial court's order dismissing the Defendant's May 28, 2015 filing, which requests a file-stamped copy of the previously filed motion for a corrected judgment, is based upon a May 5 letter that is not contained in the trial court record and does not relate to pretrial jail credits. As a result, we conclude that the case must be remanded to the trial court for relevant findings of fact regarding what documents, if any, were filed with the Shelby County Court Clerk's Office, including the May 5 letter referenced in the trial court's dismissal order. If the court determines that the Defendant's motion for a corrected judgment relative to pretrial jail credits was provided to prison mailroom officials on May 6 and that the motion was sent to the Shelby County Court Clerk's Office and to the District Attorney General's Office as reflected by the certificate of service, the Defendant's motion should be considered filed with trial court. *See* Tenn. R. Crim. P. 49(d)(1) ("If a paper . . . permitted to be filed pursuant to the rules of criminal procedure is prepared by . . . a pro se litigant incarcerated in a correctional facility . . . , the filing is timely if the paper was delivered to the appropriate individual at the correctional facility within the time set for filing.") If, however, the court determines that the Defendant's motion was not submitted to the prison mailroom officials and that the motion is not deemed to have been filed, the matter should be dismissed, and the Defendant is free to file his motion for a corrected judgment related to pretrial jail credits. We note, though, that our supreme court recently concluded that the "failure to award pretrial jail credits does not render the sentence illegal and is insufficient, therefore, to establish a colorable claim for relief under Rule 36.1." *State v. Adrian R. Brown*, ___ S.W.3d ___, ____, No. E2014-00673-SC-R11-CD, 2015 WL 7748275, at *9 (Tenn. Dec. 2, 2015).

Based upon the foregoing and the record as a whole, the judgment of the trial court is reversed, and the case is remanded for further proceedings consistent with this opinion.

_____
ROBERT H. MONTGOMERY, JR., JUDGE