IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

**STATE OF TENNESSEE v. FELICIA ANNETTE MITCHELL**

**Appeal from the Circuit Court for Sullivan County**
**No. S58151     R. Jerry Beck, Judge**

**No. E2015-01822-CCA-R3-CD**

The pro se Appellant, Felicia Annette Mitchell, appeals as of right from the Sullivan County Circuit Court's order summarily dismissing her motion to correct illegal sentences. Tenn. R. Crim. P. 36.1. The State has filed a motion to affirm the trial court's order pursuant to Tennessee Court of Criminal Appeals Rule 20. Following our review, we conclude that the State's motion is well-taken and affirm the order of the trial court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals.**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Felicia Annette Mitchell, Memphis, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Assistant Senior Counsel, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

On October 11, 2013, the Appellant pleaded guilty to various drug offenses and was sentenced to an effective five years. On August 27, 2015, the Appellant filed a motion to correct illegal sentences, alleging that her plea was not knowingly and

voluntarily entered. On the same day, the trial court summarily denied the motion, finding that it was untimely if treated as a petition for post-conviction relief and did not raise a colorable claim for the correction of an illegal sentence. The Appellant filed a timely notice of appeal.

On appeal the Appellant argues that the trial court's summary denial was erroneous and that the court's noncompliance with Tennessee Rule of Criminal Procedure 11 renders her sentences illegal. The State argues that this court should affirm the trial court's summary dismissal by memorandum opinion because the Appellant failed to state a colorable claim pursuant to Rule 36.1.

Tennessee Criminal Procedure Rule 36.1 states, in relevant part, that

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

Tenn. R. Crim. P. 36.1(a). A defendant is entitled to a hearing and the appointment of counsel if the motion states a colorable claim for relief. *Id.* at 36.1(b). Further, the trial court is required to file an order denying the motion if it determines that the sentence is not illegal. *Id.* at 36.1(c)(1).

Whether a defendant states a colorable claim is a question of law and is reviewed de novo. *State v. Wooden*, 478 S.W.3d 585, 588 (Tenn. 2015). A colorable claim is

defined as "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Id.* at 593. A motion filed pursuant to Rule 36.1 "must state with particularity the factual allegations on which the claim for relief from an illegal sentence is based." *Id.* at 594. A trial court "may consult the record of the proceeding from which the allegedly illegal sentence emanated" when determining whether a motion states a colorable claim for relief. *Id.*

Only fatal errors result in an illegal sentence and "are so profound as to render the sentence illegal and void." *Id.* at 595; *see State v. Cantrell*, 346 S.W.2d 445, 452 (Tenn. 2011). Fatal errors include sentences imposed pursuant to an inapplicable statutory scheme, sentences that designate release eligibility dates when early release is prohibited, sentences that are ordered to be served concurrently when consecutive service is required, and sentences that are not authorized by statute. *Wooden*, 478 S.W.3d at 595. Errors which are merely appealable, however, do not render a sentence illegal and include "those errors for which the Sentencing Act specially provides a right of direct appeal." *Id.*; *see Cantrell*, 346 S.W.2d at 449. Appealable errors are "claims akin to . . . challenge[s] to the sufficiency of the evidence supporting a conviction" and "involve attacks on the correctness of the methodology by which a trial court imposed sentence." *Wooden*, 478 S.W.3d at 595; *see Cantrell*, 346 S.W.2d at 450-52.

In this case, the Appellant claims her sentence is illegal because her 2013 guilty pleas were not knowingly and voluntarily entered. Such a claim is not fatal to a sentence,

- 3 -

but rather, is an appealable error not apt to Rule 36.1 challenges. *See State v. Markhayle Jackson*, No. W2015-02068-CCA-R3-CD, 2016 WL 7664771, at *2 (Tenn. Crim. App. May 31, 2016). Having not raised a colorable claim in her 36.1 motion, the trial court was obliged to summarily dismiss the motion.

Accordingly, we affirm the judgment of the trial court pursuant to Tennessee Court of Criminal Appeals Rule 20.

_____

ROBERT H. MONTGOMERY, JR., JUDGE