IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
September 24, 2019 Session

**STATE OF TENNESSEE v. DENTON JONES**

**Appeal from the Criminal Court for Knox County**
**No. 105473      G. Scott Green, Judge**

**No. E2018-01981-CCA-R3-CD**

The State of Tennessee appeals the Knox County Criminal Court's denial of its motion pursuant to Tennessee Rule of Criminal Procedure 36.1. The State sought to correct the six-year sentence the trial court previously imposed for the Defendant's two merged convictions for theft of property valued at $1,000 or more but less than $10,000. *See* T.C.A. §§ 39-14-103 (2014) (theft); 39-14-105 (2014) (subsequently amended) (grading of theft). On appeal, the State contends that the six-year sentence is illegal because the trial court improperly sentenced the Defendant pursuant to the amended version of the grading of theft statute, which became effective after the commission of the offense. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Herbert H. Slatery III, Attorney General and Reporter; Katherine C. Redding, Assistant Attorney General; Charme Allen, Assistant Attorney General; and TaKisha Fitzgerald, Assistant District Attorney General, for the appellant, State of Tennessee.

Robert L. Jolley, Jr., Knoxville, Tennessee, for the appellee, Denton Jones.

**OPINION**

On October 26, 2016, a Knox County Criminal Court jury found the Defendant guilty of two counts of theft of property valued at $1,000 or more but less than $10,000. The offenses occurred on April 28, 2014. *See id*. §§ 39-14-103; 39-14-105. At the February 10, 2017 sentencing hearing, the trial court merged the two counts into a single conviction and determined the length and manner of service. Although the sentencing hearing transcript is not included in the appellate record, the original judgment forms

reflect the trial court determined that the Defendant was a career offender and imposed six-year sentences for Class D felony thefts. However, the special conditions sections of the judgments reflect that the Defendant was sentenced for Class E felony thefts pursuant to Tennessee Code Annotated Section 39-11-112, otherwise known as the Criminal Savings Statute, which states,

> When a penal statute or penal legislative act of the state is repealed or amended by a subsequent legislative act, the offense, as defined by the statute or act being repealed or amended, committed while the statute or act was in full force and effect shall be prosecuted under the act or statute in effect at the time of the commission of the offense. Except as provided under § 40-35-117, in the event the subsequent act provides for a lesser penalty, any punishment imposed shall be in accordance with the subsequent act.

At the time of the offense, theft of property valued at $1,000 or more but less than $10,000 was a Class D felony. *See id*. § 39-14-105(a)(3); *id.* § 40-35-111(b)(4) (stating that the authorized term of imprisonment for a Class D felony is two to twelve years). However, the grading of theft statute was amended in 2016, and the amended version became effective on January 1, 2017. Therefore, the amended statute was effective at the time of the sentencing hearing. The amended statute states that a Class E felony theft involves property valued at $1,000 or more but less than $2,500 and that a Class D felony theft involves property valued at $2,500 or more but less than $10,000. *See id*. § 39-14-105(a)(2), (3) (2018).

On July 29, 2018, the State filed a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1, arguing that the Defendant, a career offender, had been convicted of Class D felony thefts and that, as a result, the six-year sentences imposed by the trial court were illegal.

At the August 17, 2018 motion hearing, the trial court did not rule on the State's motion because it determined that the original judgment forms had to be corrected to reflect Class E felony thefts. When the prosecutor argued that the Defendant had been convicted of Class D felony thefts, the trial judge stated that the thefts involved property valued "in excess of one thousand dollars" based upon the jury verdict form. The court ordered the entry of corrected judgments, reflecting that the Defendant had been convicted of Class E felony thefts. The court acknowledged that originally the conviction offenses would have been Class D felony thefts but that because the Defendant was sentenced after the grading of theft statute had been amended, the conviction offenses were Class E felony thefts. The court determined that the value of the property related to punishment and was not an essential element of theft.

-2-

On August 30, 2018, corrected judgments were entered, reflecting that the Defendant had been convicted of Class E felony thefts, and the special conditions sections state that the court ordered the corrected judgments at the August 17 motion hearing and that the State's Rule 36.1 motion had been continued until September 27, 2018.

On September 27, 2018, the trial court considered the State's Rule 36.1 motion, which asserted that the Class E felony thefts sentences were illegal. The basis of the State's motion was that the jury was instructed to find that the value of the theft was either more than $500 or more than $1,000, that the jury determined the value was more than $1,000, and that at the time of the offense, the value of the theft was a Class D felony. The prosecutor stated that the jury was not instructed to consider a value of $1,000 or more but less than $2,500 and a value of $2,500 or more but less than $10,000. The State argued that the value of the theft was an element of the offense, not a function of punishment, and that it was irrelevant if the grading of theft statute had been amended after the offense date but before the sentencing hearing. The State argued that because the Defendant was a career offender, the six-year sentences were illegal.

The Defendant argued that the Rule 36.1 motion did not warrant relief because the corrected judgments did not reflect illegal sentences. The Defendant argued that the State chose not to appeal the six-year sentences in the previous appeal, and this court affirmed the Class E felony theft convictions. Trial counsel noted that the Defendant had served his sentence and had been released on parole at the time of the motion hearing.

The trial court determined that the State's Rule 36.1 motion was not properly before the court. The court stated that the corrected judgments reflected Class E felony theft convictions and that, as a result, the judgments did not reflect illegal sentences. This appeal followed.

The State contends that the trial court erred by denying its Rule 36.1 motion. The State asserts that, at the time of the offenses, theft of property valued at $1,000 or more but less than $10,000 was a Class D felony, that the jury determined the property had a value of $1,000 or more but less than $10,000, and that the trial court should have imposed sentences consistent with the grading of theft statute effective at the time of the offenses. Furthermore, the State asserts that the Criminal Savings Statute did not permit the trial court to sentence the Defendant pursuant to the amended grading of theft statute because the amended version changed an essential element of theft. As a result, the State argues that, as a career offender, the Defendant should have received twelve-year sentences for Class D felony thefts. The Defendant responds that the trial court did not err by denying the State's motion. We agree with the Defendant.

Tennessee Criminal Procedure Rule 36.1 states, in relevant part, that

-3-

(a)(1) Either the defendant or the state may seek to correct an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. . . .

(a)(2) For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

The trial court is required to file an order denying the motion if it determines that the sentence is not illegal. *Id*. at 36.1(c)(1).

Whether a motion states a colorable claim is a question of law and is reviewed de novo. *State v. Wooden*, 478 S.W.3d 585, 588 (Tenn. 2015). A colorable claim is defined as "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Id*. at 593. A motion filed pursuant to Rule 36.1 "must state with particularity the factual allegations on which the claim for relief from an illegal sentence is based." *Id*. at 594. A trial court "may consult the record of the proceeding from which the allegedly illegal sentence emanated" when determining whether a motion states a colorable claim for relief. *Id*.

Only fatal errors result in an illegal sentence and "are so profound as to render the sentence illegal and void." *Id*. at 595; *see State v. Cantrell*, 346 S.W.2d 445, 452 (Tenn. 2011). Fatal errors include sentences imposed pursuant to an inapplicable statutory scheme, sentences that designate release eligibility dates when early release is prohibited, sentences that are ordered to be served concurrently when consecutive service is required, and sentences that are not authorized by statute. *Wooden*, 478 S.W.3d at 595. Errors which are merely appealable, however, do not render a sentence illegal and include "those errors for which the Sentencing Act specially provides a right of direct appeal." *Id*.; *see Cantrell*, 346 S.W.2d at 449. Appealable errors are "claims akin to . . . challenge[s] to the sufficiency of the evidence supporting a conviction" and "involve attacks on the correctness of the methodology by which a trial court imposed sentence." *Wooden*, 478 S.W.3d at 595; *see Cantrell*, 346 S.W.2d at 450-52.

Resolution of the State's appeal is controlled by the recent opinion by our supreme court in *State v. Ashely N. Menke*, --- S.W.3d ---, No. M2017-00597-SC-R11-CD, 2019 WL 6336427 (Tenn. Nov. 27, 2019), along with two companion cases. *See State v. Charles Keese*, --- S.W.3d ---, No. E2016-02020-SC-R11-CD, 2019 WL 6336386 (Tenn. Nov. 27, 2019); *State v. Michael Eugene Tolle*, --- S.W.3d ---, No. E2017-00571-SC-R11-CD, 2019 WL 6336390 (Tenn. Nov. 27, 2019). The *Menke* court concluded that the Criminal Savings Statute applied to the amended version of the grading of theft statute, that the value of the property in theft cases is not an essential element of the offense, that the value of the property taken is a jury question, and that the value of the property is relevant to punishment after a defendant has been found guilty of theft. *Ashely N. Menke*,

2019 WL 6336427, at *11-12. The court concluded that the amended version of the grading of theft statute "is applicable even where . . . the offense occurred before the amendment's effective date," as long as the amended version is effective at the time of sentencing. *Id.* at *13; *see Charles Keese*, 2019 WL 6336386, at *6, 12 (concluding that although the Criminal Savings Statute applies in theft cases, "the amended version of the theft grading statute cannot apply" when a defendant is sentenced before the amended statute became effective); *Michael Eugene Tolle*, 2019 WL 6336390, at *4-5.

In the present case, the Defendant was convicted of theft of property. The trial court stated that the jury determined that the value of property was "in excess of $1,000 dollars." At the time of the offenses and of the trial, the thefts were Class D felonies based upon the value of the property. However, before the sentencing hearing occurred, the amended grading of theft statute became effective, which had the effect of modifying the conviction offenses to Class E felonies. Although the appellate record does not contain the sentencing hearing transcript, the record reflects that the court imposed Range III sentences for a Class E felony. The sentencing range for a Range III offender convicted of a Class E felony is four to six years. *See* T.C.A. § 40-35-112(c)(5) (2018). Likewise, the Defendant was a career offender, which required the court to impose the "maximum sentence within the applicable Range III." *Id.* § 40-35-108(c). Therefore, the Defendant received the maximum sentence within the appropriate range. We conclude that the corrected judgments do not reflect illegal sentences and that the trial court did not err by denying the State's Rule 36.1 motion. The State is not entitled to relief.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE