IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 4, 2022

**STATE OF TENNESSEE v. ERIC R. WRIGHT**

**Appeal from the Criminal Court for Shelby County
Nos. 90-02654, 90-02655    John W. Campbell, Judge**

_____

**No. W2021-01270-CCA-R3-CD**

_____

The Defendant, Eric R. Wright, was convicted by a Shelby County Criminal Court jury of robbery committed by the use of a deadly weapon and two counts of assault with the intent to commit first degree murder, for which he is serving an effective 150-year sentence as a Range III, persistent offender. He filed a Motion to Correct an Illegal Sentence pursuant to Tennessee Rule of Criminal Procedure 36.1, which the trial court denied. On appeal, he contends that the trial court erred in denying relief without appointing counsel and conducting a hearing. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which J. ROSS DYER and TOM GREENHOLTZ, JJ., joined.

Eric R. Wright, Whiteville, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Brent C. Cherry, Senior Assistant Attorney General; Amy P. Weirich, District Attorney General; for the appellee, State of Tennessee.

**OPINION**

The Defendant's convictions relate to offenses which occurred on October 15, 1989. He was convicted in 1990, and this court affirmed the convictions in 1992. *See Eric Wright v. State*, No. W2001-00386-CCA-R3-PC, 2001 WL 1690194, at *1 (Tenn. Crim. App. Dec. 17, 2001) (*Wright II*); *State v. Eric R. Wright*, No. 02C01-9107-CR-00152, 1992 WL 1414 (Tenn. Crim. App. Jan 8, 1992) (mem.) (*Wright I*). Thereafter, the Defendant unsuccessfully sought post-conviction and habeas corpus relief. *See Eric R. Wright v. Grady Perry, Warden*, No. W2016-00341-CCA-R3-HC, 2017 WL 213988 (Tenn. Crim. App. Jan. 18, 2017) (*Wright IV*); *Eric Wright v. State*, No. W2009-00865-CCA-R3-PC,

2010 WL 11739410 (Tenn. Crim. App. Sept. 24, 2010) (*Wright III*) (affirming the denial of post-conviction relief), *perm. app. denied* (Tenn. Feb. 16, 2011); *Wright II*, 2001 WL 1690194 (reversing and remanding dismissed post-conviction case for an evidentiary hearing).

Undeterred, the Defendant filed the present Motion to Correct an Illegal Sentence on June 7, 2021. In the motion, he contended that his offenses were committed before the effective date of the Sentencing Reform Act of 1989 and that the law in effect at the time required the trial court to compute his sentence under both the 1982 Sentencing Act and the 1989 Act and to impose the one which was more favorable to him. He alleged that because this had not occurred, his 150-year sentence was illegal. He also contended that he was not properly sentenced to a Range III sentence and that he should have been classified as a Range I or II offender. The trial court summarily denied the Defendant's motion on the basis that he had not alleged a colorable claim for relief under Rule 36.1. This appeal followed.

Tennessee Criminal Procedure Rule 36.1 states, in relevant part, that

(a)(1) Either the defendant or the state may seek to correct an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. . . .

(a)(2) For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

The trial court is required to file an order denying the motion if it determines that the sentence is not illegal. *Id*. at 36.1(c)(1).

Whether a motion states a colorable claim is a question of law and is reviewed de novo. *State v. Wooden*, 478 S.W.3d 585, 588 (Tenn. 2015). A colorable claim is defined as "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Id*. at 593. A motion filed pursuant to Rule 36.1 "must state with particularity the factual allegations on which the claim for relief from an illegal sentence is based." *Id*. at 594. A trial court "may consult the record of the proceeding from which the allegedly illegal sentence emanated" when determining whether a motion states a colorable claim for relief. *Id*.

Only fatal errors result in an illegal sentence and "are so profound as to render the sentence illegal and void." *Id*. at 595; *see State v. Cantrell*, 346 S.W.2d 445, 452 (Tenn. 2011). Fatal errors include sentences imposed pursuant to an inapplicable statutory scheme, sentences that designate release eligibility dates when early release is prohibited,

sentences that are ordered to be served concurrently when consecutive service is required, and sentences that are not authorized by statute. *Wooden*, 478 S.W.3d at 595. Errors which are merely appealable, however, do not render a sentence illegal and include "those errors for which the Sentencing Act specifically provides a right of direct appeal." *Id*.; *see Cantrell*, 346 S.W.2d at 449. Appealable errors are "claims akin to . . . challenge[s] to the sufficiency of the evidence supporting a conviction" and "involve attacks on the correctness of the methodology by which a trial court imposed sentence." *Wooden*, 478 S.W.3d at 595; *see Cantrell*, 346 S.W.2d at 450-52.

The Defendant's ex post facto claim regarding sentencing under the 1982 and 1989 Acts was previously determined in *Wright III* and again in *Wright IV*. In both cases, this court noted that the Defendant had been sentenced appropriately, with the trial court considering the potential sentences under both the 1982 and 1989 Acts and imposing the sentence which was more favorable to the Defendant. *See Wright IV*, 2017 WL 213988, at *6; *Wright III*, 2010 WL 11739410, at *4, 8. As we noted in both cases, the Defendant would have received 180 years if he had been sentenced under the 1982 Act. *See Wright IV*, 2017 WL 213988, at *6; *Wright III*, 2010 WL 11739410, at *8. Without question, his 150-year sentence pursuant to the 1989 Act is the more favorable alternative. Both the trial court and this court are bound by the conclusions reached in the previous appeals. *See State v. Sammie Lee Taylor*, No. W2015-01831-CCA-R3-CD, 2016 WL 3883566, at *3 (Tenn. Crim. App. June 6, 2016) (holding that the trial court did not err in dismissing a claim pursuant to Rule 36.1, the merits of which had been previously determined), *perm. app. denied* (Tenn. Oct. 21, 2016); *see also State v. Terence Dewayne Borum*, No. W2019-00666-CCA-R3-CD, 2020 WL 730891, at *2 (Tenn. Crim. App. Feb. 12, 2020) (holding that the trial court did not err in summarily dismissing a Rule 36.1 motion on the basis that the issue regarding the defendant's offender classification had been previously determined).

Because the Defendant's claim was previously determined, the trial court did not err in denying relief without appointing counsel and conducting an evidentiary hearing.

Regarding the Defendant's argument that he was improperly sentenced as a Range III offender, his contention failed to raise a cognizable claim of an illegal sentence under Rule 36.1. *See State v. Anthony Robinson*, No. W2015-02482-CCA-R3-CD, 2016 WL 7654949, at *2-3 (Tenn. Crim. App. Aug. 26, 2016) (stating that a defendant's claim of improper sentencing as a Range II offender did not render the sentence illegal and was not a cognizable claim under Rule 36.1, provided the sentence fell within the parameters of the Sentencing Act); *see also State v. Eddie Readus*, No. M2017-02339-CCA-R3-CD, 2019 WL 3064049, at *4 (Tenn. Crim. App. July 12, 2019), *perm. app. denied* (Tenn. Dec. 4, 2019).

The Defendant failed to state a cognizable claim for relief. The trial court did not err in denying relief without appointing counsel and conducting a hearing.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE