IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs at Knoxville January 24, 2024

## STATE OF TENNESSEE v. ERIC BLEDSOE

**Appeal from the Criminal Court for Shelby County**
**No. 09-06393    Chris Craft, Judge**

_____

### No. W2023-00730-CCA-R3-CD

_____

The Defendant, Eric Bledsoe, was convicted by a Shelby County Criminal Court jury of aggravated rape, aggravated burglary, and felony theft, for which he is serving an effective sixty-five-year sentence. He filed a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1, which the trial court summarily dismissed for the failure to state a colorable claim. On appeal, he contends that the trial court erred in denying relief. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which TOM GREENHOLTZ and KYLE A. HIXSON, JJ., joined.

Eric Bledsoe, Clifton, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Ronald L. Coleman, Senior Assistant Attorney General; Steve Mulroy, District Attorney General; for the appellee, State of Tennessee.

### OPINION

The Defendant's convictions relate to offenses which occurred on May 18, 2009, in connection with the Defendant's entering the victim's home, sexually assaulting her, and stealing her vehicle and other belongings. The Defendant appealed the sufficiency of the evidence for his aggravated rape conviction, and this court affirmed. *See State v. Eric Bledsoe*, No. W2012-01643-CCA-R3-CD, 2013 WL 3968780, at *1-6 (Tenn. Crim. App. July 31, 2013), *perm. app. denied* (Tenn. Nov. 14, 2013). Thereafter, the Defendant unsuccessfully sought post-conviction and federal habeas corpus relief. *See Eric Bledsoe v. State*, No. W2016-00419-CCA-R3-PC, 2017 WL 1380022 (Tenn. Crim. App. Apr. 13, 2017) (affirming denial of post-conviction relief), *perm. app. denied* (Tenn. Aug. 18,

2017); *Eric Bledsoe v. State*, No. W2017-01399-CCA-R3-PC, 2018 WL 1989612 (Tenn. Crim. App. Apr. 25, 2018) (affirming denial of post-conviction request for a DNA analysis), *perm. app. denied* (Tenn. Aug. 13, 2018); *Eric Bledsoe v. Cherry Lindamood, Warden, and Arvil Chapman, Warden*, No. 2:17-cv-02390-TLP-tmp, 2020 WL 7327325 (W.D. Tenn. Dec. 11, 2020), *app. dismissed sub nom. Eric Bledsoe v. Martin Frink*, No. 22-5337, 2022 WL 14149740 (6th Cir. July 29, 2022).

On March 23, 2023, the Defendant filed the present motion to correct an illegal sentence, contending that the trial court erred by applying enhancement factors, by failing to consider mitigating factors, by imposing sentences beyond the statutory minimums, and by imposing consecutive service. The trial court summarily dismissed the Defendant's motion on the basis that the Defendant had not alleged a colorable claim for relief pursuant to Rule 36.1. This appeal followed.

The Defendant contends that the trial court erred by applying enhancement factors, by failing to consider mitigating factors, by imposing sentences beyond the statutory minimums, and by imposing consecutive service. The State responds that the Defendant failed to state a colorable claim for relief and that the court did not err by denying relief.

Tennessee Criminal Procedure Rule 36.1 states, in relevant part, that

(a)(1) Either the defendant or the state may seek to correct an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. . . .

(a)(2) For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

The trial court is required to file an order denying the motion if it determines that the sentence is not illegal. *Id*. at 36.1(c)(1).

Whether a motion states a colorable claim is a question of law and is reviewed de novo. *State v. Wooden*, 478 S.W.3d 585, 588 (Tenn. 2015). A colorable claim is defined as "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Id*. at 593. A motion filed pursuant to Rule 36.1 "must state with particularity the factual allegations on which the claim for relief from an illegal sentence is based." *Id*. at 594. A trial court "may consult the record of the proceeding from which the allegedly illegal sentence emanated" when determining whether a motion states a colorable claim for relief. *Id*.

Only fatal errors result in an illegal sentence and "are so profound as to render the sentence illegal and void." *Id*. at 595; *see State v. Cantrell*, 346 S.W.2d 445, 452 (Tenn. 2011). Fatal errors include sentences imposed pursuant to an inapplicable statutory scheme, sentences that designate release eligibility dates when early release is prohibited, sentences that are ordered to be served concurrently when consecutive service is required, and sentences that are not authorized by statute. *Wooden*, 478 S.W.3d at 595. Errors which are merely appealable, however, do not render a sentence illegal and include "those errors for which the Sentencing Act specifically provides a right of direct appeal." *Id*.; *see Cantrell*, 346 S.W.2d at 449. Appealable errors are "claims akin to . . . challenge[s] to the sufficiency of the evidence supporting a conviction" and "involve attacks on the correctness of the methodology by which a trial court imposed sentence." *Wooden*, 478 S.W.3d at 595; *see Cantrell*, 346 S.W.2d at 450-52.

We conclude that the trial court did not err by summarily dismissing the motion because the Defendant failed to state a colorable claim for relief. Error in the application of enhancement and mitigating factors "must be addressed on direct appeal because it does not render the sentence illegal[.]" *Wooden*, 478 S.W.3d at 595-96. Likewise, the imposition of consecutive service does not render the Defendant's effective sentence illegal. Although not mandatory, the trial court had the statutory discretion to impose consecutive service in this case after determining at the sentencing hearing that the Defendant was a professional criminal who knowingly devoted his life to criminal acts as a major source of livelihood and that the Defendant was a dangerous offender whose behavior indicated little or no regard for human life and no hesitation about committing a crime in which the risk to human life was high. *See* T.C.A. § 40-35-115(b)(1), (4) (2019).

Finally, the imposition of a maximum within-range sentence for an offense does not render a sentence illegal. *See Wooden*, 478 S.W.3d at 596 ("A sentence which is 'statutorily available but ordinarily inapplicable to a given defendant' is not an illegal sentence[.]") (quoting *Cantrell*, 346 S.W.2d at 454). The Defendant's Range III, fifty-three-year sentence for aggravated rape was statutorily available. *See* T.C.A. § 40-35-112(c)(1) (2019) ("A Range III sentence . . . [f]or a Class A felony [is], not less than forty (40) nor more than sixty (60) years[.]"); *id*. § 39-13-502(b) (2019) ("Aggravated rape is a Class A felony."). The Defendant's Range III, fourteen-year sentence for aggravated burglary was also statutorily available. *See id*. § 40-35-112(c)(3) ("A Range III sentence . . . [f]or a Class C felony [is], not less than ten (10) nor more than fifteen (15) years[.]"); *id*. § 39-14-403(b) (2018) ("Aggravated burglary is a Class C felony."). Last, the Defendant's Range III, twelve-year sentence for theft of property valued at $1,000 or more but less than $10,000 was statutorily available. *See id*. § 40-35-112(c)(4) ("A Range III sentence . . . [f]or a Class D felony [is], not less than eight (8) nor more than twelve (12) years[.]"); *id*. § 39-14-105(3) (2010) (subsequently amended) ("Theft of property . . . is [a] Class D felony if the value of the property . . . is one thousand dollars ($1,000) or more but less than ten thousand dollars ($10,000)[.]"). To the extent that the Defendant argues that the trial court

-3-

improperly sentenced him as a Range III offender, this contention fails to raise a cognizable claim of an illegal sentence under Rule 36.1. *See State v. Anthony Robinson*, No. W2015-02482-CCA-R3-CD, 2016 WL 7654949, at *2-3 (Tenn. Crim. App. Aug. 26, 2016) (stating that a defendant's claim of improper sentencing as a Range II offender did not render the sentence illegal and was not a cognizable claim under Rule 36.1, provided the sentence fell within the parameters of the Sentencing Act); *see also State v. Eddie Readus*, No. M2017-02339-CCA-R3-CD, 2019 WL 3064049, at *4 (Tenn. Crim. App. July 12, 2019), *perm. app. denied* (Tenn. Dec. 4, 2019).

As a result, the Defendant's allegations, even if true, would not create fatal errors entitling him to Rule 36.1 relief. Rather, his allegations would merely result in appealable errors that do not render a sentence illegal. *See Wooden*, 478 S.W.3d at 595. The Defendant failed to state a cognizable claim for relief. The trial court did not err by summarily dismissing the motion.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE