IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 21, 2025

## STATE OF TENNESSEE v. MICHAEL DOMONIC SALES

**Appeal from the Circuit Court for Lincoln County**
**No. 16-CR-23      Forest A. Durard, Jr., Judge**

_____

### No. M2025-00116-CCA-R3-CD
_____

The Defendant, Michael Domonic Sales, was convicted by a Lincoln County jury of first degree premeditated murder for which he received a life sentence. The Defendant filed a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1 because he was not sentenced by a jury, which the trial court denied. On appeal, the Defendant contends that the trial court erred in denying relief. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and STEVEN W. SWORD, JJ., joined.

Michael Domonic Sales, Nashville, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Caroline W. Weldon, Assistant Attorney General; and Robert J. Carter, District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Defendant's conviction relates to an incident at a party in 2015, during which he shot the twenty-year-old victim in the forehead at close range. *See State v. Michael Domonic Sales*, No. M2017-01116-CCA-R3-CD, 2020 WL 5568621 (Tenn. Crim. App. Sept. 17, 2020), *perm. app. denied* (Tenn. Jan. 13, 2021). "The shooting occurred in front of multiple eyewitnesses, and [the] Defendant was quickly identified as the shooter." *Id.* at *1. A Lincoln County Grand Jury charged the Defendant with first degree premeditated

murder. *See* T.C.A. § 39-13-202(c)(1) (2014) (subsequently amended). The Defendant was found guilty as charged following a jury trial, and the trial court sentenced the Defendant to life imprisonment. The court denied the Defendant's petition for writ of error coram nobis, and the Defendant appealed his conviction and the writ's denial. This court affirmed the Defendant's conviction and held that the trial court did not err by denying his petition for writ of error coram nobis. *Id.* at *16-17. Subsequently, the Defendant filed a post-conviction petition which the post-conviction court denied as untimely. This court affirmed the decision of the post-conviction court. *See Michael Dominic Sales v. State*, No. M2022-01280-CCA-R3-PC, 2023 WL 2962280 (Tenn. Crim. App. Apr. 17, 2023), *perm. app. denied* (Tenn. June 28, 2023).

On February 6, 2023, the Defendant filed a pro se Motion to Correct, Set Aside and/or Modify an Illegal Sentence pursuant to Tennessee Rule of Criminal Procedure 36.1 alleging his sentence was illegal because he was not sentenced by a jury. *See* T.C.A. §§ 39-13-204(a) (2014) (subsequently amended), 39-13-205(b) (2014). The trial court summarily denied the motion concluding that, because the State did not file a notice of intent to seek a harsher sentence of life imprisonment without the possibility of parole or death in accordance with Tennessee Code Annotated section 39-13-208, the Defendant received a life sentence which was the only sentence for first degree premeditated murder available to him pursuant to Tennessee law. *See id.* §§ 39-13-208(a)-(c) (2014) (subsequently amended), 39-13-202(c)(1). On December 4, 2024, the Defendant filed a Rule 36.1 Motion for the Correction of an Illegal Sentence. On December 6, the court summarily denied the second motion, noting that it "appears to be about a mirror image of the first petition[.]" On January 14, 2025, the Defendant filed a Rule 36 Plain Error Motion to Dismiss and/or Correct Judgment. The Defendant also filed a notice of appeal of the court's December 6 denial of his Rule 36.1 motion. On January 31, 2025, the court concluded that the Defendant's January 14 Rule 36 motion addressed the same issue as the previous motions and concluded that it did not have jurisdiction to rule on the motion because the Defendant's appeal to this court was pending. The January 14 Rule 36 motion is not at issue in this appeal.

On appeal, the Defendant contends that the trial court abused its discretion by denying relief on his second Rule 36.1 motion. He argues that his sentence is illegal because the court, not a jury, imposed the sentence. The State responds that the court did not err by denying the motion because the Defendant's sentence was not illegal.

Tennessee Rule of Criminal Procedure 36.1 provides in relevant part that:

(a)(1) Either the defendant or the state may seek to correct an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. Except for a motion filed by the state pursuant to subdivision (d) of this rule, a motion to correct an illegal sentence

-2-

must be filed before the sentence set forth in the judgment order expires. The movant must attach to the motion a copy of each judgment order at issue and may attach other relevant documents. The motion shall state that it is the first motion for the correction of the illegal sentence or, if a previous motion has been made, the movant shall attach to the motion a copy of each previous motion and the court's disposition thereof or shall state satisfactory reasons for the failure to do so.

(2) For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

. . . .

[b](2) The court shall review the motion, any response, and, if necessary, the underlying record that resulted in the challenged judgment order. If the court determines that the motion fails to state a colorable claim, it shall enter an order summarily denying the motion.

. . . .

(e) An order granting or denying a motion filed under this rule shall set forth the court's findings of fact and conclusions of law as to the matters alleged in the motion.

Whether a defendant states a colorable claim is a question of law and is reviewed de novo. *State v. Wooden*, 478 S.W.3d 585, 589 (Tenn. 2015). A colorable claim is defined as "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Id.* at 593. A motion filed pursuant to Rule 36.1 "must state with particularity the factual allegations on which the claim for relief from an illegal sentence is based." *Id.* at 594. A trial court "may consult the record of the proceeding from which the allegedly illegal sentence emanated" when determining whether a motion states a colorable claim for relief. *Id.*

Only fatal errors result in an illegal sentence and "are so profound as to render the sentence illegal and void." *Id.* at 595; *see State v. Cantrell*, 346 S.W.2d 445, 452 (Tenn. 2011). Fatal errors include sentences imposed pursuant to an inapplicable statutory scheme, sentences that designate release eligibility dates when early release is prohibited, sentences that are ordered to be served concurrently when consecutive service is required, and sentences that are not authorized by statute. *Wooden*, 478 S.W.3d at 595. Errors which are merely appealable, however, do not render a sentence illegal and include "those errors for which the Sentencing Act specifically provides a right of direct appeal." *Id.*; *see Cantrell*, 346 S.W.2d at 449. Appealable errors are "claims akin to . . . challenge[s] to the

sufficiency of the evidence supporting a conviction" and "involve attacks on the correctness of the methodology by which a trial court imposed sentence." *Wooden*, 478 S.W.3d at 595; *see Cantrell*, 346 S.W.2d at 450-52.

The Defendant's allegation that his sentence is illegal is premised on the contention that the trial court utilized an improper method to impose his life imprisonment sentence. That is, the trial court, and not the jury, determined his sentence. Because the Defendant's allegation "involve[s] attacks on the correctness of the methodology by which a trial court imposed sentence[,]" he has failed to state a cognizable claim for relief pursuant to Rule 36.1. *Wooden*, 478 S.W.3d at 595. Such an allegation involves an appealable error and not a colorable claim for relief pursuant to Rule 36.1. *See id.*

That fact notwithstanding, Tennessee law provides that the Defendant could have been sentenced to life imprisonment, life imprisonment without possibility of parole, or death for his first degree premeditated murder conviction. *See* T.C.A. § 39-13-202(c)(1). However, for the Defendant to be sentenced to anything other than life imprisonment, the State must file a notice of its intent to seek a harsher sentence. *Id.* at § 39-13-208(a)-(c) (2014) (subsequently amended). The record does not reflect that the State filed such a notice. Accordingly, the Defendant received the only sentence available to him pursuant to Tennessee law. The trial court did not err by denying the Defendant's motion. The Defendant is not entitled to relief.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

**s/Robert H. Montgomery, Jr.**
ROBERT H. MONTGOMERY, JR., JUDGE