IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs December 3, 2019

## STATE OF TENNESSEE v. TERENCE DEWAYNE BORUM

**Appeal from the Circuit Court for Tipton County**
**No. 7440    Joe H. Walker III, Judge**

_____

### No. W2019-00666-CCA-R3-CD

_____

The Defendant, Terence Dewayne Borum, pleaded guilty to burglary, vandalism, and theft of property valued at more than $500 and after an appeal of the trial court's initial ten-year sentence on probation received a twelve-year sentence on remand. He filed a motion pursuant to Tennessee Rule of Criminal Procedure 36.1 alleging that his sentence was illegal because the trial court improperly sentenced him as career offender. The trial court summarily dismissed the motion after determining that the sentence was not illegal and that this issue had been determined in a previous appeal. On appeal, he contends that the trial court erred by denying relief because he was improperly sentenced as a career offender. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and J. ROSS DYER, JJ., joined.

Terence Dewayne Borum, Only, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Ruth Anne Thompson, Senior Assistant Attorney General; and Mark E. Davidson, District Attorney General, for the appellee, State of Tennessee.

### OPINION

On March 28, 2013, the Defendant pleaded guilty to burglary, vandalism, and theft of property valued at more than $500. The Defendant was sentenced as a persistent offender to an effective ten-year sentence and placed on supervised probation. *State v. Terence Dewayne Borum*, No. W2013-01035-CCA-R3-CD, 2014 WL 2136042, at *1 (Tenn. Crim. App. May 15, 2014), *perm. app. denied* (Tenn. Sept. 18, 2014). The State appealed, arguing that the trial court erred in sentencing the Defendant as a persistent

offender. *Id.* This court determined that the Defendant was a career offender and was not eligible for probation, and it remanded the case for resentencing. *Id.* at *5. The trial court then sentenced the Defendant as a career offender to a twelve-year sentence.

On January 10, 2019, the Defendant filed a motion to correct an error in the judgments under Tennessee Rule of Criminal Procedure 36.1, arguing that the trial court incorrectly sentenced him as a career offender on remand. The same day, the trial court summarily dismissed the Defendant's motion because the court found that the Defendant's allegations had been previously litigated by this court and because the issue did not merit relief pursuant to Rule 36.1. On February 7, 2019, the Defendant filed a letter seeking to correct an error on page two of his motion. On March 29, 2019, the Defendant filed a letter with the trial court clerk, stating that he had not received a reply to his motion for a corrected judgment. The Defendant filed a notice of appeal on April 17, 2019.

The Defendant contends that the trial court erred by summarily dismissing his motion to correct an illegal sentence, although he acknowledges that this court had determined that the Defendant was a career offender in a previous appeal. The State responds that the appeal should be dismissed because the Defendant's appeal was untimely. The State also argues that the motion fails to state a colorable claim for relief.

At the outset, the Defendant has failed to file a timely notice of appeal by not filing his notice within thirty days from the entry of the judgment of the trial court. *See* Tenn. R. App. 4(a) ("the notice of appeal . . . shall be filed with the clerk of the appellate court within 30 days after the entry of the judgment appealed from"). "However, in all criminal cases the 'notice of appeal' document is not jurisdictional and the timely filing of such document may be waived in the interest of justice." *Id.* Though the Defendant has failed to file a timely notice of appeal, we waive the timely filing in the interest of justice.

Tennessee Criminal Procedure Rule 36.1 states, in relevant part, that

(a)(1) Either the defendant or the state may seek to correct an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. . . .

(a)(2) For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

The trial court is required to file an order denying the motion if it determines that the

sentence is not illegal. *Id*. at 36.1(c)(1).

Whether a motion states a colorable claim is a question of law and is reviewed de novo. *State v. Wooden*, 478 S.W.3d 585, 588 (Tenn. 2015). A colorable claim is defined as "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Id*. at 593. A motion filed pursuant to Rule 36.1 "must state with particularity the factual allegations on which the claim for relief from an illegal sentence is based." *Id*. at 594. A trial court "may consult the record of the proceeding from which the allegedly illegal sentence emanated" when determining whether a motion states a colorable claim for relief. *Id*.

Only fatal errors result in an illegal sentence and "are so profound as to render the sentence illegal and void." *Id*. at 595; *see State v. Cantrell*, 346 S.W.2d 445, 452 (Tenn. 2011). Fatal errors include sentences imposed pursuant to an inapplicable statutory scheme, sentences that designate release eligibility dates when early release is prohibited, sentences that are ordered to be served concurrently when consecutive service is required, and sentences that are not authorized by statute. *Wooden*, 478 S.W.3d at 595. Errors which are merely appealable, however, do not render a sentence illegal and include "those errors for which the Sentencing Act specifically provides a right of direct appeal." *Id*.; *see Cantrell*, 346 S.W.2d at 449. Appealable errors are "claims akin to . . . challenge[s] to the sufficiency of the evidence supporting a conviction" and "involve attacks on the correctness of the methodology by which a trial court imposed sentence." *Wooden*, 478 S.W.3d at 595; *see Cantrell*, 346 S.W.2d at 450-52.

We conclude that trial court did not err in summarily dismissing the motion because the Defendant has failed to state a colorable claim. Errors in offender classification do not render a sentence illegal. *Cantrell*, 346 S.W.2d at 458 (holding that a trial court's error "in [offender] classification" will not "render the sentence illegal so long as the classification falls within the purview of the Sentencing Act"). "Correction of an alleged error in offender classification must be sought on direct appeal." *Id.*; *see State v. Eddie Readus*, No. M2017-02339-CCA-R3-CD, 2019 WL 3064049, at *4 (Tenn. Crim. App. July 12, 2019) (holding the defendant's "challenge to the adequacy of the State's notice to seek enhanced punishment is not a colorable claim for relief under Rule 36.1"). The Defendant's allegation, even if true, would not create fatal errors entitling him to Rule 36.1 relief. Rather, his allegation would merely result in an appealable error that does not render a sentence illegal. *See Wooden*, 478 S.W.3d at 595.

We note that the State raised the issue of the Defendant's offender classification in a previous appeal. This court determined that the Defendant was a career offender, and on remand the trial court sentenced the Defendant as a career offender. *Terence Dewayne Borum*, 2014 WL 2136042 at *5; *see Memphis Publ'g Co. v. Tenn. Petroleum*

*Underground Storage Tank Bd.*, 975 S.W.2d 303, 306 (Tenn. 1998) (holding "under the law of the case doctrine, an appellate court's decision on an issue of law is binding in later trials and appeals of the same case if the facts on the second trial or appeal are substantially the same as the facts in the first trial or appeal"). Thus, the issue has been previously determined, and the Defendant is not entitled to relief.

Based on the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
ROBERT H. MONTGOMERY, JR., JUDGE