IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 8, 2022

**STATE OF TENNESSEE v. JONATHAN EVERETT**

**Appeal from the Criminal Court for Shelby County**
**No. 06-06767    Lee V. Coffee, Judge**

_____

**No. W2021-00677-CCA-R3-CD**

_____

The Defendant, Jonathan Everett, was convicted of second degree murder, attempted voluntary manslaughter, and reckless endangerment, and he received an effective sentence of twenty-nine years, eleven months, and twenty-nine days. He filed a motion pursuant to Tennessee Rule of Criminal Procedure 36.1 alleging that his sentence was illegal because the trial court erred by misapplying enhancement factors, by imposing the maximum sentence within the sentencing range for second degree murder, and by imposing consecutive service. The trial court summarily dismissed the motion for the failure to state a colorable claim. On appeal, the Defendant contends that the trial court erred by summarily dismissing his motion. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and TIMOTHY L. EASTER, J., joined.

Jonathan Everett, Tiptonville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Kayleigh Butterfield, Assistant Attorney General; and Amy P. Weirich, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Defendant was indicted for first degree murder and two counts of attempted first degree murder in connection with a March 10, 2006 shooting incident after a Trezevant High School Jamboree band competition. The shooting resulted in the death of one victim and injuries to a second victim. The surviving victim later identified the Defendant as the shooter. The Defendant confessed to shooting the homicide victim but claimed that he shot at the surviving victim because the surviving victim had threatened the Defendant in

connection with gang-related issues. At the jury trial, the Defendant was convicted of second degree murder, attempted voluntary manslaughter, and reckless endangerment, and the trial court imposed Range I sentences of twenty-five years for second degree murder, four years for attempted voluntary manslaughter, and eleven months, twenty-nine days for reckless endangerment. The court ordered consecutive service after determining that the Defendant was a dangerous offender. The Defendant appealed his convictions and effective sentence, arguing, in relevant part, that the trial court erred by misapplying two enhancement factors, that the court erred by imposing the maximum within-range sentence for second degree murder, and that the court erred by imposing consecutive service. This court affirmed the convictions and sentences and denied relief. *See State v. Jonathan Everett*, No. W2008-01578-CCA-R3-CD, 2011 WL 1304893 (Tenn. Crim. App. Apr. 4, 2011), *perm. app. denied* (Tenn. Aug. 25, 2011).

In 2012, the Defendant sought post-conviction relief, alleging the ineffective assistance of counsel. The post-conviction court denied relief, and this court affirmed. *See Jonathan Everett v. State*, No. W2013-02033-CCA-R3-PC, 2014 WL 3744498 (Tenn. Crim. App. July 28, 2014*), perm. app. denied* (Tenn. Nov. 19, 2014).

On April 26, 2021, the Defendant filed the present motion to correct an illegal sentence pursuant to Tennessee Criminal Procedure Rule 36.1, alleging that the trial court erred during sentencing. He asserted that the trial court erred by misapplying enhancement factors, by imposing the maximum within-range sentence for second degree murder, and by ordering consecutive service. On August 9, 2021, the trial court entered an order summarily dismissing the motion for the failure to state a cognizable claim. The court, likewise, determined that the allegations had been previously litigated in the appeal from the conviction proceedings. This appeal followed.

The Defendant contends that the trial court erred by summarily dismissing his motion to correct an illegal sentence. He argues that the trial court erred by misapplying enhancement factors, by imposing the maximum within-range sentence for second degree murder, and by ordering consecutive service. He argues for the first time on appeal that his effective sentence violates principles of double jeopardy. The State responds that the trial court did not err by summarily dismissing the motion because the Defendant failed to state a colorable claim for relief. We agree with the State.

Tennessee Criminal Procedure Rule 36.1 states, in relevant part, that

(a)(1) Either the defendant or the state may seek to correct an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. . . .

-2-

(a)(2) For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

The trial court is required to file an order denying the motion if it determines that the sentence is not illegal. *Id*. at 36.1(c)(1).

Whether a motion states a colorable claim is a question of law and is reviewed de novo. *State v. Wooden*, 478 S.W.3d 585, 588 (Tenn. 2015). A colorable claim is defined as "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Id*. at 593. A motion filed pursuant to Rule 36.1 "must state with particularity the factual allegations on which the claim for relief from an illegal sentence is based." *Id*. at 594. A trial court "may consult the record of the proceeding from which the allegedly illegal sentence emanated" when determining whether a motion states a colorable claim for relief. *Id*.

Only fatal errors result in an illegal sentence and "are so profound as to render the sentence illegal and void." *Id*. at 595; *see State v. Cantrell*, 346 S.W.2d 445, 452 (Tenn. 2011). Fatal errors include sentences imposed pursuant to an inapplicable statutory scheme, sentences that designate release eligibility dates when early release is prohibited, sentences that are ordered to be served concurrently when consecutive service is required, and sentences that are not authorized by statute. *Wooden*, 478 S.W.3d at 595. Errors which are merely appealable, however, do not render a sentence illegal and include "those errors for which the Sentencing Act specifically provides a right of direct appeal." *Id*.; *see Cantrell*, 346 S.W.2d at 449. Appealable errors are "claims akin to . . . challenge[s] to the sufficiency of the evidence supporting a conviction" and "involve attacks on the correctness of the methodology by which a trial court imposed sentence." *Wooden*, 478 S.W.3d at 595; *see Cantrell*, 346 S.W.2d at 450-52.

We conclude that the trial court did not err by summarily dismissing the motion because the Defendant has failed to state a colorable claim for relief. Error in the application of enhancement and mitigating factors "must be addressed on direct appeal because it does not render the sentence illegal[.]" *Wooden*, 478 S.W.3d at 595-96. Likewise, the imposition of a maximum within-range sentence for an offense does not render a sentence illegal. *See id*. at 596 ("A sentence which is 'statutorily available but ordinarily inapplicable to a given defendant' is not an illegal sentence[.]") (quoting *Cantrell*, 346 S.W.2d at 454). The Defendant's twenty-five-year sentence for second degree murder was statutorily available, even if the trial court erred by concluding that the sentence was appropriate. *See* T.C.A. § 40-35-112(a)(1) (2019) ("A Range I sentence . . . [f]or a Class A felony [is], not less than fifteen (15) nor more than twenty-five (25) years[.]"); *Id*. § 39-13-210(c) (2019) ("Second degree murder is a Class A felony.").

Finally, the imposition of consecutive service does not render the Defendant's effective sentence illegal. Although not mandatory, the trial court had the statutory discretion to impose consecutive service in this case after determining that the Defendant was a dangerous offender. *See id*. § 40-35-115(b)(4) (2019); *see also State v. Rickie Reed*, No. W2016-02119-CCA-R3-CD, 2017 WL 781739, at *3 (Tenn. Crim. App. Feb. 28, 2017).

As a result, the Defendant's allegations, even if true, would not create fatal errors entitling him to Rule 36.1 relief. Rather, his allegations would merely result in appealable errors that do not render a sentence illegal. *See Wooden*, 478 S.W.3d at 595. Furthermore, the Defendant's allegations were raised in a previous appeal. *See Jonathan Everett*, 2011 WL 1304893, at *10-12. This court affirmed the trial court's application of the enhancement factors and the twenty-five-year sentence for second degree murder, but it waived consideration of the imposition of consecutive service because the Defendant failed to cite to any authority to support his argument. *See id*. at *12. "Rule 36.1 may not be used to relitigate those issues that have been previously determined." *State v. Ricky Flamingo Brown*, No. M2015-01754-CCA-R3-CD, 2016 WL 987641, at *2 (Tenn. Crim. App. Mar. 15, 2016), *perm. app. denied* (Tenn. Aug. 18, 2016); *see also Memphis Publ'g Co. v. Tenn. Petroleum Underground Storage Tank Bd.*, 975 S.W.2d 303, 306 (Tenn. 1998) (holding "under the law of the case doctrine, an appellate court's decision on an issue of law is binding in later trials and appeals of the same case if the facts on the second trial or appeal are substantially the same as the facts in the first trial or appeal"). Thus, the Defendant is not entitled to relief on this basis.

The Defendant also argues for the first time on appeal that his sentences violate principles of double jeopardy. Issues raised for the first time on appeal are subject to waiver. *See* T.R.A.P. 36(a); *see also State v. Johnson*, 970 S.W.2d 500 (Tenn. Crim. App. 1996) ("Issues raised for the first time on appeal are considered waived."). Waiver of appellate consideration notwithstanding, violations of double jeopardy principles are not colorable claims for purposes of Rule 36.1. *See State v. Michael Sargent*, No. W2018-00517-CCA-R3-CD, 2019 WL 1952881, at *1 (Tenn. Crim. App. Apr. 30, 2019); *State v. Carl Hall*, No. W2016-00915-CCA-R3-CD, 2017 WL 1093991, at *2 (Tenn. Crim. App. Mar. 22, 2017). The Defendant is not entitled to relief on this basis.

Based on the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
ROBERT H. MONTGOMERY, JR., JUDGE

-4-