IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 27, 2024

## STATE OF TENNESSEE v. ASATA LOWE

**Appeal from the Circuit Court for Blount County**
**Nos. C-11329, C-11330        David R. Duggan, Judge**

_____

### No. E2024-00321-CCA-R3-CD

_____

The Defendant, Asata Lowe, appeals from the Blount County Circuit Court's dismissal of his Tennessee Criminal Procedure Rule 36 and Rule 36.1 motions for their failure to state colorable claims. On appeal, the Defendant contends that the trial court erred in summarily dismissing the motions because he stated colorable claims. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and MATTHEW J. WILSON, JJ., joined.

Asata Lowe, Wartburg, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Raymond J. Lepone, Assistant Attorney General; Ryan Desmond, District Attorney General; and Chad M. Taylor, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The Defendant is serving an effective sentence of life without the possibility of parole plus twenty-five years for his 2000 convictions for two counts of first degree premeditated murder and one count of especially aggravated robbery. This court affirmed the Defendant's convictions on appeal. *See State v. Asata Lowe*, No. E2000-01591-CCA-R3-CD, 2002 WL 31051631, at *1 (Tenn. Crim. App. Sept. 16, 2002), *perm. app. denied* (Tenn. Feb. 3, 2003). The Defendant has previously sought post-conviction, habeas corpus, and error coram nobis relief, which were denied. *See Asata D. Lowe v. State*, No. E2022-00285-CCA-R3-HC, 2022 WL 13899444, at *1 (Tenn. Crim. App. Oct. 24, 2022) (affirming the summary dismissal of the habeas corpus petition); *Asata Dia Lowe-El v. State*, No. E2020-01335-CCA-R3-HC, 2022 WL 152021, at *1 (Tenn. Crim. App. Jan. 18,

2022) (dismissing the habeas corpus petition and affirming the lower court's denial of error coram nobis relief); *Asata Dia Lowe v. Shawn Phillips, Warden*, No. E2017-01109-CCA-R3-HC, 2018 WL 706769, at *1 (Tenn. Crim. App. Feb. 5, 2018) (affirming the summary dismissal of the habeas corpus petition); *Asata D. Lowe v. James Fortner, Warden*, No. E2011-00048-CCA-R3-HC, 2012 WL 1080274, at *1 (Tenn. Crim. App. Mar. 30, 2012) (affirming the dismissal of the habeas corpus petition), *perm. app. denied* (Tenn. Aug. 16, 2012); *Asata D. Lowe v. State*, No. E2011-01640-CCA-R28-PC, at *1 (Tenn. Crim. App. Sept. 16, 2011) (order) (affirming the denial of the motion to reopen the post-conviction petition), *perm. app. denied* (Tenn. Nov. 17, 2011); *Asata D. Lowe v. State*, No. M2009-00444-CCA-R3-HC, 2010 WL 143781, at *1 (Tenn. Crim. App. Jan. 13, 2010) (affirming the dismissal of the habeas corpus petition for failure to state a colorable claim); *Asata D. Lowe v. State*, No. M2008-01291-CCA-R3-HC, at *1 (Tenn. Crim. App. Dec. 9, 2008) (order) (dismissing the habeas corpus petition for failure to file an appellate brief); *Asata Lowe v. State*, No. E2006-02028-CCA-R3-PC, 2008 WL 631169, at *1 (Tenn. Crim. App. Mar. 10, 2008) (affirming the denial of the post-conviction petition), *perm. app. denied* (Tenn. Aug. 25, 2008).

Relevant to this appeal, the Defendant filed a Rule 36.1 motion claiming that his sentences contravene the relevant sentencing statutes. *See* T.C.A. §§ 40-35-101, 40-14-101, and 40-14-202. The Defendant also alleged violations of the Tennessee Rules of Criminal Procedure 34 and 44 related to the Defendant's presence at the initial stages of his trial and his right to counsel. Additionally, the Defendant filed a Rule 36 motion to correct a clerical mistake, claiming that the record of his initial appearance before a general sessions court magistrate in two cases was not included in the circuit court record related to his conviction proceedings. The trial court determined that the Defendant failed to raise a colorable Rule 36.1 claim because the Defendant's sentence of life without the possibility of parole for first degree murder and of twenty-five years for especially aggravated robbery were authorized by statute. The trial court also found that the Defendant failed to raise a colorable Rule 36 claim, as the record which the Defendant sought did not exist because a general sessions court is not a court of record, and that, even if the record did exist, its omission would not constitute a clerical mistake. The trial court summarily dismissed the Defendant's motions.

# I

## Rule 36.1 Motion

The Defendant claims that the trial court erred in summarily dismissing his Rule 36.1 motion for failure to state a colorable claim. The Defendant contends that his motion states a colorable claim, arguing his sentence is void because he was denied counsel at his initial appearance before a magistrate. The State responds that the trial court properly dismissed the Defendant's claim because the issue was previously determined and did not constitute a colorable claim under Rule 36.1.

- 2 -

Tennessee Criminal Procedure Rule 36.1 states, in relevant part, that

(a)(1) Either the defendant or the state may seek to correct an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. . . .

(2) For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

The trial court is required to file an order denying the motion if it determines that the sentence is not illegal. *Id.* at 36.1(c)(1).

Whether a Rule 36.1 motion states a colorable claim is a question of law and is reviewed de novo. *State v. Wooden*, 478 S.W.3d 585, 589 (Tenn. 2015). A colorable claim is defined as "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Id.* at 593.

A motion filed pursuant to Rule 36.1 "must state with particularity the factual allegations on which the claim for relief from an illegal sentence is based." *Id.* at 594. A trial court "may consult the record of the proceeding from which the allegedly illegal sentence emanated" when determining whether a motion states a colorable claim for relief. *Id.*

Only fatal errors result in an illegal sentence and "are so profound as to render the sentence illegal and void." *Id.* at 595; *see State v. Cantrell*, 346 S.W.2d 445, 452 (Tenn. 2011). Fatal errors include sentences imposed pursuant to an inapplicable statutory scheme, sentences that designate release eligibility dates when early release is prohibited, sentences that are ordered to be served concurrently when consecutive service is required, and sentences that are not authorized by statute. *Wooden*, 478 S.W.3d at 595. Errors which are merely appealable, however, do not render a sentence illegal and include "those errors for which the Sentencing Act specifically provides a right of direct appeal." *Id.*; *see Cantrell*, 346 S.W.2d at 449. Appealable errors are "claims akin to ... challenge[s] to the sufficiency of the evidence supporting a conviction" and "involve attacks on the correctness of the methodology by which a trial court imposed sentence." *Wooden*, 478 S.W.3d at 595; *see Cantrell*, 346 S.W.2d at 450-52.

The record reflects that the trial court properly dismissed the Defendant's Rule 36.1 motion. The Defendant claims on appeal that he was denied his right to counsel because he was not represented at his initial appearance before a magistrate. The Defendant's claim, even if taken as true, would not create a fatal error in his sentence and render his sentence void. The denial of a defendant's right to counsel only constitutes an appealable error. *See State v. Jackson,* No. W2015-02068-CCA-R3-CD, 2016 WL 7664771, *2

(Tenn. Crim. App. May 31, 2016); *see also Asata D. Lowe*, 2022 WL 13899444, at *5 (holding that the Defendant's ineffective assistance of counsel claim did not violate Tennessee Rule of Criminal Procedure 44 and that such a claim would, even if true, only render a judgment voidable); *Asata Dia Lowe*, 2018 WL 706769, *2 (holding that the Defendant's ineffective assistance of counsel claim would, even if true, only render a judgment voidable). We need not reach the question of whether the Defendant's claim was previously determined because a Rule 36.1 motion was not the proper vehicle for his denial of the right to counsel claim. Accordingly, the Defendant has failed to raise a colorable claim, and the trial court did not err in dismissing this claim.

## II

### Rule 36 Motion

The Defendant claims that a Tennessee Criminal Procedure Rule 36 clerical error occurred because the record of his initial appearance before the general sessions court magistrate was not included in the trial court record and that the trial court erred in dismissing the Defendant's Rule 36 motion. However, the Defendant has failed to provide an argument or references to the record concerning his claim. Tennessee Appellate Procedure Rule 27(a)(7) requires that an appellant's brief contain:

> An argument, which may be preceded by a summary of argument, setting forth:
>
> (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and
>
> (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues)[.]

This court's rules state that "[i]ssues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court." Tenn. Ct. Crim. App. R. 10(b). The Defendant has waived his claim that the trial court erred in denying his Rule 36 motion. Furthermore, the record that the Defendant seeks has already been determined not to exist. *See Asata D. Lowe*, 2022 WL 13899444 (Tenn. Crim. App. Oct. 24, 2022) (order) (denying the motion to supplement the appellate record because the record of the Defendant's initial appearance before the general sessions court does not exist).

In consideration of the foregoing and the record as a whole, the judgment of the trial court summarily dismissing the Defendant's motions is affirmed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE