IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 22, 2025

## STATE OF TENNESSEE v. TRACY LEBRON VICK

**Appeal from the Criminal Court for Hamilton County**
No. 215412   Boyd Patterson, Judge

_____

### No. E2024-01861-CCA-R3-CD
_____

The Defendant, Tracy Lebron Vick, pleaded guilty to second degree murder as a Range II offender and received a forty-year sentence. The Defendant filed two motions to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1, which the trial court summarily dismissed for the failure to state a colorable claim. On appeal, the Defendant contends that the court erred in denying relief. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which TIMOTHY L. EASTER and STEVEN W. SWORD, JJ., joined.

Tracy Lebron Vick, Whiteville, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; G. Kirby May, Assistant Attorney General; Coty Wamp, District Attorney General; for the appellee, State of Tennessee.

### OPINION

The Defendant's conviction relates to the September 20, 1996 death of Melva Moore, whom the Defendant shot as he attempted to enter her home to rob her boyfriend. The Defendant was charged with first degree murder and agreed to plead guilty to second degree murder as a Range II offender. The sentencing court imposed a maximum, forty-year sentence to be served consecutively to the sentence for a prior conviction. The transcript of the guilty plea hearing reflects that the court advised the Defendant that he was a Range II offender, that he would "have to serve eighty-five percent of that sentence before [his] release-eligibility date," and that the Defendant acknowledged he understood. The transcript of the sentencing hearing reflects the court's comment, "The law says you're

required to serve 35 percent of that [sentence] but another section of the law that was enacted in TCA 40-35-501 says that you will serve 85 percent of that sentence."

The Defendant appealed the length of his sentence and the imposition of consecutive sentencing, and this court affirmed the trial court's judgment. *See State v. Tracy Lebron Vick*, No. 03C01-9803-CR-00100, 1999 WL 652452 (Tenn. Crim. App. Aug. 27, 1999), *perm. app. denied* (Tenn. Feb. 28, 2000). The Defendant later pursued post-conviction relief, which was denied. *See Tracy Lebron Vick v. State*, No. E2002-01761-CCA-R3-PC, 2003 WL 21172319 (Tenn. Crim. App. May 20, 2003), *perm. app. denied* (Tenn. Oct. 6, 2003). The Defendant filed a petition for post-conviction DNA analysis pursuant to Tennessee Code Annotated sections 40-30-301 to -313, which was likewise denied. *See Tracy Lebron Vick v. State*, No. E2017-01333-CCA-R3-PC, 2018 WL 1603049 (Tenn. Crim. App. Apr. 2, 2018), *perm. app. denied* (Tenn. Aug. 8, 2018).

In 2017, the Defendant filed a motion for correction of an illegal sentence. *See* Tenn. R. Crim. P. 36.1. He alleged that although 100% service was statutorily mandated for his conviction offense, the sentence he received required 85% service and was, as a result, illegal. The trial court summarily denied the motion on the basis that Rule 36.1 relief was unavailable to a defendant whose plea agreement contained a material component that was illegal but "to the defendant's benefit." *See id.* On appeal, this court affirmed the judgment of the trial court. *See Tracy Lebron Vick v. State*, No. E2017-01534-CCA-R3-CD, 2018 WL 1377612 (Tenn. Crim. App. Mar. 19, 2018), *perm. app. denied* (Tenn. July 18, 2018).

On July 26, 2024, the Defendant filed a second motion for correction of an illegal sentence. He alleged that although 35% service was required for a Range II sentence, the sentencing court imposed 85% service, which was illegal. He also alleged that the court erred by utilizing a "presumptive midpoint" in determining the length of his sentence before application of enhancement factors, that the court erred by enhancing his sentence based upon facts not determined by a jury, and that the court erred by not reducing the length of the sentence based upon mitigation evidence. On November 19, 2024, the Defendant filed a third motion for correction of an illegal sentence. He alleged that his 85% service requirement for a Range II offender was illegal, that the sentencing court erred by applying enhancement factor (8) related to his unwillingness to comply with the conditions of his release, and that the court erred by failing to apply mitigating factors during sentencing. *See* T.C.A. § 40-35-113, -114(8) (1997). On November 26, 2024, the trial court entered an order summarily dismissing both motions for the failure to state a colorable claim.

In its written order, the trial court found that the plea agreement reflected, in relevant part, that the "sentence term [is] to be in [the twenty-five- to forty-year] range with service of a minimum of [eighty-five percent] before consideration for parole pursuant to [Tenn.

Code Ann.] § 40-35-501" and that the sentencing court would determine the length of the sentence. The trial court noted that at the February 6, 1998 sentencing hearing, the sentencing court began at the "midpoint" between the twenty-five year to forty-year range for second degree murder, that the court applied three enhancement factors, and that the court applied mitigation based upon the Defendant's remorse for the offense and his "abusive childhood." The trial court found that the Defendant received a forty-year sentence to be served consecutively to the sentence he was serving on probation at the time of the present offense.

The trial court determined that the Defendant's forty-year sentence was an available sentence for a Range II, multiple offender for a Class A felony. The court found that although the release eligibility for a Range II, multiple offender is generally thirty-five percent service, the release eligibility for a defendant who commits certain offenses, including second degree murder, on or after July 1, 1995, is one hundred percent less any sentencing credits earned and retained of not more than fifteen percent. *See* T.C.A. § 40-35-501(i)(1), (i)(2) (1997) (subsequently amended). The court found that the terms of the plea agreement and the judgment complied with the relevant statutory provisions. The court determined that even if the sentencing court had deviated from the recommended sentence, a claim that a plea agreement was not honored in the judgment entered or sentence imposed would result in a voidable judgment, not a void judgment or sentence. *See Jeffrey Miller v. State*, No. E2000-01192-CCA-R3-CD, 2001 WL 987154, at *2 (Tenn. Crim. App. June 20, 2000). The court determined that, based upon the sentencing statutes in effect at the time of the Class A offense, the presumptive sentence was the midpoint of the applicable sentencing range. *See* T.C.A. § 40-35-210 (1997); *see also Tracy Lebron Vick*, 1999 WL 652452, at *1 ("[U]nder Tenn. Code Ann. § 40-35-210(e), as it existed at the time of the crime, the presumptive sentence should begin at the midpoint of the range.").

In connection with the Defendant's allegation that his sentence was enhanced on the basis of facts not found by a jury, the trial court determined that the Defendant waived his right to a jury trial and entered into a plea agreement, which permitted the sentencing court to determine the length of his sentence. Relative to mitigation evidence, the trial court found that although the sentencing court applied mitigation based upon the Defendant's remorse and troubled childhood, the sentencing court did not reduce the Defendant's sentence. The trial court likewise found that enhancement factor (8) regarding the Defendant's unwillingness to comply with the conditions of his release was applied at sentencing. The court determined, though, that the misapplication of enhancement and mitigating factors did not render a sentence illegal. *See State v. Wooden*, 478 S.W.3d 585, 595 (Tenn. 2015).

Regarding the Defendant's allegation that the length of his sentence and his release eligibility were from different sentencing ranges, the trial court determined that the Defendant received a Range II sentence and that the release eligibility was based upon the

conviction offense of second degree murder. *See* T.C.A. § 40-35-501(i)(1), (i)(2). The court determined that the Defendant's sentence was not illegal. This appeal followed.

The Defendant contends that the trial court erred by summarily dismissing his motions for the failure to state a colorable claim. He asserts that his sentence is illegal because the sentencing court erred in applying enhancement factor (8) related to his unwillingness to comply with the terms of his release and because his release eligibility as a Range II offender is 35% service, rather than 85% service. The State responds that the Defendant failed to state a colorable claim for relief and that the trial court did not err by denying relief.

Tennessee Criminal Procedure Rule 36.1 states, in relevant part, that

(a)(1) Either the defendant or the state may seek to correct an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. . . .

(a)(2) For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

The trial court is required to file an order denying the motion if it determines that the sentence is not illegal. *Id*. at 36.1(c)(1).

Whether a defendant states a colorable claim is a question of law and is reviewed de novo. *Wooden*, 478 S.W.3d at 589. A colorable claim is defined as "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Id.* at 593. A motion filed pursuant to Rule 36.1 "must state with particularity the factual allegations on which the claim for relief from an illegal sentence is based." *Id.* at 594. A trial court "may consult the record of the proceeding from which the allegedly illegal sentence emanated" when determining whether a motion states a colorable claim for relief. *Id.*

Only fatal errors result in an illegal sentence and "are so profound as to render the sentence illegal and void." *Id.* at 595; *see State v. Cantrell*, 346 S.W.2d 445, 452 (Tenn. 2011). Fatal errors include sentences imposed pursuant to an inapplicable statutory scheme, sentences that designate release eligibility dates when early release is prohibited, sentences that are ordered to be served concurrently when consecutive service is required, and sentences that are not authorized by statute. *Wooden*, 478 S.W.3d at 595. Errors which are merely appealable, however, do not render a sentence illegal and include "those errors for which the Sentencing Act specifically provides a right of direct appeal." *Id*.; *see Cantrell*, 346 S.W.2d at 449. Appealable errors are "claims akin to . . . challenge[s] to the

sufficiency of the evidence supporting a conviction" and "involve attacks on the correctness of the methodology by which a trial court imposed sentence." *Wooden*, 478 S.W.3d at 595; *see Cantrell*, 346 S.W.2d at 450-52.

We conclude that the trial court did not err by summarily dismissing the motions because the Defendant failed to state a colorable claim for relief. Regarding the Defendant's allegation that the sentencing court erred by applying an enhancement factor related to the Defendant's unwillingness to comply with the conditions of his release, error in the application of enhancement and mitigating factors "must be addressed on direct appeal because it does not render the sentence illegal[.]" *Wooden*, 478 S.W.3d at 595-96; *see State v. Eric Bledsoe*, No. W2023-00730-CCA-R3-CD, 2024 WL 322117, at *2 (Tenn. Crim. App. Jan. 29, 2024), *perm. app. denied* (Tenn. June 21, 2024). We note that the Defendant was serving a sentence on probation at the time he committed the present offense. *See Tracy Lebron Vick*, 1999 WL 652452, at *2. As a result, the Defendant's allegation, even if true, would not create a fatal error entitling him to Rule 36.1 relief. Rather, his allegation would merely result in an appealable error that does not render a sentence illegal. *See Wooden*, 478 S.W.3d at 595.

Further, the Defendant's service requirement of not less than 85% for second degree murder was statutorily available and is not illegal. *See id.* at 596 ("A sentence which is statutorily available . . . is not an illegal sentence[.]") (internal quotation and citation omitted). Second degree murder is a Class A felony, and the Defendant is a Range II offender. Consequently, the appropriate sentencing range is not less than twenty-five years nor more than forty years. *See* T.C.A. § 40-35-112(b)(1). Generally, release eligibility for a Range II offender is at 35% service of the sentence imposed. *See id*. § 40-35-501(d). However, the version of Code section 40-35-501 applicable to the Defendant's case provides, in pertinent part, that a person committing second degree murder "shall serve one hundred percent (100%) of the sentence imposed by the court less sentence credits earned and retained. However, no sentence reduction credits authorized by § 41-21-236, or any other provision of law, shall operate to reduce the sentence imposed by the court by more than fifteen percent (15%)." *Id*. § 40-35-501(i)(1), (i)(2). As this court noted in a previous appeal, "the judgment specified that the Defendant shall serve his sentence 'at at least 85% pursuant to [Tennessee Code Annotated section] 40-35-501.'" *Tracy Lebron Vick*, 2018 WL 1377612, at *2. The Defendant's 100% service requirement with sentence reduction credits not to exceed 15% requires him to serve at least 85% of his sentence. The Defendant's sentence is not illegal.

As a result, the Defendant failed to state a cognizable claim for relief. The trial court did not err by summarily dismissing the motions. The Defendant is not entitled to relief.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

**s/Robert H. Montgomery, Jr.**
ROBERT H. MONTGOMERY, JR., JUDGE
