IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs December 9, 2025

**STATE OF TENNESSEE v. BILLY J. COFFELT**

**Appeal from the Criminal Court for Davidson County**
**No. 99-A-552     Angelita B. Dalton, Judge**

———————————————

**No. M2025-00717-CCA-R3-CD**

———————————————

The Defendant, Billy J. Coffelt, was convicted in March 2000 by a Davidson County jury of felony escape, two counts of aggravated assault, and three counts of especially aggravated kidnapping, for which he is serving an effective ninety-year sentence. The Defendant filed a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1, alleging that the trial court failed to consider mitigating evidence and that his consecutive sentencing was not consistent with other similarly situated defendants. On appeal, the Defendant contends that the court erred in summarily denying relief. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and J. ROSS DYER, JJ., joined.

Billy J. Coffelt, Tiptonville, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Garrett D. Ward, Senior Assistant Attorney General; and Glenn R. Funk, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

A Davidson County jury found the Defendant guilty of felony escape, three counts of especially aggravated kidnapping, and two counts of aggravated assault. Initially, the trial court sentenced the Defendant to life without the possibility of parole, finding that the Defendant was a repeat violent offender for each of the kidnapping convictions. After an appeal of his convictions, this court affirmed the Defendant's convictions and remanded the case for resentencing on the kidnapping charges, holding that the trial court erred in finding that the Defendant was not a repeat violent offender. *See State v. Billy J. Coffelt*

*and Lyle T. Van Ulzen*, No. M2002-01214-CCA-R3-CD, 2003 WL 22116628, at *1-2 (Tenn. Crim. App. Sept. 11, 2003), *perm. app. denied* (Tenn. Feb. 2, 2004).  On remand, the trial court sentenced the Defendant to three consecutive thirty-year sentences for the kidnapping charges, for an effective ninety-year sentence.  The Defendant filed a post-conviction petition, and this court affirmed the post-conviction court's denial of relief.  *See Billy J. Coffelt v. State*, No. M2009-00474-CCA-R3-PC, 2010 WL 4396496 (Tenn. Crim. App. Nov. 5, 2010), *perm. app. denied* (Tenn. Apr. 13, 2011).

On April 16, 2025, the Defendant filed a motion for correction of an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1, alleging that (1) the trial court failed to consider a mitigating factor and (2) his sentence was not consistent with similarly convicted offenders.  The trial court summarily denied his motion, concluding that the Defendant failed to state a colorable claim for relief and that the Defendant failed to establish that the mitigating factor was applied in contravention of statutory law at sentencing.  This appeal followed.

The Defendant raises the following issues on appeal:

I. Whether the trial court erred when denying the Appellant's motion to correct his illegal sentences imposed for three especially aggravated kidnappings – in direct contravention of Tenn. Code Ann. § 39-13-502(b)(2); and

II. Whether the trial court erred when denying the Appellant's motion to correct his illegal sentences imposed for three especially aggravated kidnappings – in direct contravention of Tenn. Code Ann. § 40-35-102(2) and 40-35-103(3).

The State responds that the court did not err by denying the motion because the Defendant failed to state a colorable claim for relief.

"This [c]ourt has long recognized that pro se litigants . . . are not held to the same strict drafting standards as attorneys and that pro se pleadings should be more liberally construed."  *State v. James Ray Walker*, No. W2012-01593-CCA-R3-CD, 2013 WL 3968804, at *3 (Tenn. Crim. App. Aug. 1, 2013), *no perm. app. filed*; *see State v. Matthew Richard Herron*, No. E2024-01216-CCA-R3-CD, 2025 WL 2701457, at *5 (Tenn. Crim. App. Sept. 23, 2025), *perm app. filed* (Tenn. Oct. 31, 2025).  "*Pro se* litigants must comply with the same substantive and procedural law to which represented parties must adhere," and "are not . . . entitled to shift the burden of litigating their case to the courts." *Chiozza v. Chiozza*, 315 S.W.3d 482, 487 (Tenn. Ct. App. 2009) (quotations & citations omitted) (emphasis in original).  Tennessee Rule of Appellate Procedure 27(a)(7)(A) requires that an appellant's argument contain "citations to the authorities and appropriate references to

the record . . . relied on." The rules of this court provide, "Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived[.]" Tenn. Ct. Crim. App. R. 10(b). We have held that when a defendant's brief "fail[s] to satisfy even remotely the requirements of Rule 10(b) and Rule 27(a)(7)", we will consider the issues waived. *James Ray Walker*, 2013 WL 3968804, at *3 (Appellate issues were waived when the appellant failed to address the issues, make appropriate references to the record, include citations to relevant authority, and support his issues with argument.).

The Defendant's brief contains no argument or facts in support of his allegations, nor does it contain citations to the record. The argument section is comprised of three sentences alleging that the trial court failed to address "whether the trial court imposed the sentences in question in direct contravention of Tenn. Code Ann. § 39-13-502(b)(2)" and "in contravention of Tenn. Code Ann. § 40-35-102(2) and 40-35-103(3)." The Defendant further states that the court "merely made its ruling based upon other caselaw relevant to TRCP, Rule 36.1 cases, but omitted any reference to any 'direct contravention.'" In support of his first argument, the Defendant cites Tennessee Code Annotated Section 39-13-502 (1997) (subsequently amended) which addresses aggravated rape, an offense for which the Defendant was not charged. The Defendant's second argument references Tennessee Code Annotated Sections 40-35-102(2) (1997) (subsequently amended) and 40-35-103(3) (1997) (subsequently amended). Section 40-35-102(2) states that "[t]his chapter [of the Sentencing Reform Act] is to assure fair and consistent treatment of all defendants by eliminating unjustified disparity in sentencing and providing a fair sense of predictability of the criminal law and its sanctions[.]" Section 40-35-103(3) states that "[i]nequities in sentences that are unrelated to a purpose of this chapter should be avoided[.]"

The Defendant's brief fails to state why he believes his sentence is illegal, despite a liberal construction, and the code sections referenced by the Defendant do not shed any light on his issues. To the extent the Defendant is making a general reference to disparity in sentencing, which he raised in his Rule 36.1 motion to the trial court, there is no evidence identified in the brief or the record from which we can conduct a review. *See State v. Zirkle,* 910 S.W.2d 874, 884 (Tenn. Crim. App. 1995) (We are "precluded from addressing an issue on appeal when the record fails to include relevant documents."). The Defendant's brief also fails to address the other issue he raised in his motion to the trial court, which was the application of mitigating factors during sentencing. Because the Defendant's brief fails to satisfy Tennessee Rule of Appellate Procedure 27(a) and Tennessee Court of Criminal Appeals Rule 10, the Defendant's issues are waived. *See James Ray Walker*, 2013 WL 3968804, at *3. Further, we note that allegations regarding the application of mitigating factors and disparity in sentencing are both appealable errors and fall short of an illegality. *See State v. Wooden*, 478 S.W.3d 585, 595 (Tenn. 2015) (attacking the methodology by which a trial court imposed sentence is an appealable error and does not

render a sentence illegal); *see also State v. Cantrell*, 346 S.W.2d 445, 450-52 (Tenn. 2011). The Defendant is not entitled to relief.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

**s/Robert H. Montgomery, Jr._____**
ROBERT H. MONTGOMERY, JR., JUDGE